Edward J. Gossman and Susan J. Gossman, Appellants *v.* Lower Chanceford Township Board of Supervisors and Edgar DeLaski, Appellees.

Argued June 5, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*William H. Poole, Jr.,* with him *John W. Thompson, Jr., Shoemaker, Thompson & Ness,* for appellants.

*Lillian M. Morgan,* with her *Donald L. Reihart, Laucks & Monroe,* for appellee, Edgar DeLaski.

OPINION BY JUDGE MENCER, October 16, 1981:

Edward and Susan Gossman (appellants) have appealed from a decision of the Court of Common Pleas of York County which quashed their appeal of a subdivision plan approval by the Board of Supervisors of Lower Chanceford Township. We affirm.

The appellants purchased a new home in an approved subdivision developed by Edgar DeLaski. Shortly thereafter, DeLaski submitted an amended subdivision plan to the Board of Supervisors for approval.[1] The amended plan was approved on or about February 5, 1980. The appellants filed an action, titled

---

[1] The plan amendment did not directly concern the property purchased by the appellants. Its major purpose was to realign the boundaries of some neighboring lots. The real contention in this case seems to have resulted from DeLaski's having sold a lot in the subdivision to be used as the site for a mobile home.

"Zoning Appeal," in the Court of Common Pleas of York County in an attempt to have the approval of the amended plan set aside. DeLaski moved to quash the action for two reasons: 1) that the appellants lacked standing to bring the action in the Court of Common Pleas since they were not owners of the land or parties before the Board of Supervisors[2] and 2) that the appellants were not entitled to relief because they averred no violation of the Lower Chanceford Township Subdivision Ordinance (Ordinance). The Court agreed with the first contention and granted the motion. This appeal followed.

Section 1007 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11007, provides, in pertinent part, that

[p]ersons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body . . . , on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board. . . .

Therefore, the Court of Common Pleas could not hear an action based upon a provision of the Ordinance or the official map of Lower Chanceford Township until after a challenge had been submitted to the zoning hearing board. Since the appellants did not submit any challenge to the zoning hearing board, the Court of Common Pleas was powerless to hear an "appeal" based upon an ordinance or map provision.

---

[2] Judge CASSIMATIS of the Court of Common Pleas of York County decided the case on the standing issue. We do not disagree with his able analysis of the standing question, but the issues presented to us on appeal require a discussion of the second issue in the motion to quash, which is also dispositive of the case.

The appellants contend that their "appeal" was not based upon a provision of the Ordinance or official map. Rather, they argue that it was based upon an abuse of discretion by the Board of Supervisors in failing to impose conditions on the subdivision plan to reflect certain alleged private restrictive covenants. This argument must fail.

This Court has held that the governing body may not withhold approval of a subdivision plan which complies with all applicable regulations. *Goodman v. Board of Commissioners of the Township of South Whitehall,* 49 Pa. Commonwealth Ct. 35, 411 A.2d 838 (1980). We have also held that a municipality may not require a subdivision plan to conform to standards not contained in the subdivision ordinance. *Montgomery Township v. Franchise Realty Interstate Corp.,* 54 Pa. Commonwealth Ct. 535, 422 A.2d 897 (1980). Therefore, the Board of Supervisors of Lower Chanceford Township had no discretion to consider private restrictive covenants in imposing conditions on the approval of DeLaski's amended subdivision plan unless the Ordinance permitted them to do so.[3] Since the Ordinance did not permit the Board of Supervisors to consider private restrictive covenants before granting subdivision plan approval, the appellants had no cause of action to bring before the Court of Common Pleas.

The appellants also contend that the Court of Common Pleas erred in failing to transfer their "appeal" to the zoning hearing board. They cite *Kim v. Estate of Heinzenroether,* 37 Pa. Commonwealth Ct. 328, 390

---

[3] We do not decide here whether a subdivision ordinance may validly require the governing body to enforce private restrictive covenants through the plan approval mechanism. We note, however, the recent statement of Judge CRAIG that "[z]oning law has no application to the resolution of disputes between private parties." *County of Fayette v. Cossell,* 60 Pa. Commonwealth Ct. 202, 205, 430 A.2d 1226, 1228 (1981).

A.2d 874 (1978), to support this contention. In *Kim*, we recognized the power of a court of common pleas to transfer an action to the Office of the Administrator for Arbitration Panels for Health Care, pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a), even though the Office of the Administrator is not a "court or magisterial district of the Commonwealth."[4] We are not convinced that *Kim* should be read so broadly as to require transfer of an erroneously filed zoning challenge from a court of common pleas to a zoning hearing board, but we need not decide the issue.

Section 1007 of the MPC only permits the zoning hearing board to hear those actions which challenge a decision of the governing body based upon a provision of an ordinance or official map. The appellants have consistently maintained that their action was *not* based upon a provision of an ordinance or map. Therefore, regardless of whether we consider the zoning hearing board a "court" for purposes of Section 5103(a) of the Judicial Code, the zoning hearing board could not have properly heard this appeal.

Order affirmed.

### Order

And Now, this 16th day of October, 1981, the order of the Court of Common Pleas of York County, dated August 27, 1980, which quashed the appeal of Edward

[4] 42 Pa. C. S. §5103(a) reads as follows:

General rule.—If an appeal or other matter is taken to or brought in a court or magisterial distict which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

J. Gossman and Susan J. Gossman from a decision of the Board of Supervisors of Lower Chanceford Township, is hereby affirmed.