510

James Harris et al., Appellants *v.* Oil Service, Inc. et al., Appellees.

Submitted on briefs October 5, 1983, before Judges WILLIAMS, JR., MACPHAIL and BLATT, sitting as a panel of three.

*John E. Quinn, Sikov & Love, P.A.,* for appellants.

*Samuel J. Pasquarelli, Jubelirer, Pass & Intrieri, P.C.,* for appellees.

OPINION BY JUDGE MACPHAIL, November 23, 1983:

Appellants[1] have brought this appeal from an order of the Court of Common Pleas of Allegheny County which quashed their zoning appeal for lack of jurisdiction.

Drum Processors, Inc. (Applicant), the lessee of a property located in the Borough of McKees Rocks, was issued an occupancy permit on April 1, 1982 to use the property for cleaning storage drums. Appellants, alleging they did not learn that the permit had been granted until April 13, 1982, filed an appeal with the common pleas court on May 12. The appeal purported to be from the action of the Borough Council, although it later became clear that the building inspector had issued the permit without Borough Council involvement.[2] Following a hearing, the common pleas court quashed the appeal. The court concluded that Appellants had failed to exhaust their exclusive administrative remedy with the Borough's Zoning Hearing Board (Board) and that their appeal was untimely.

Section 1007 of the Pennsylvania Municipalities Planning Code (MPC)[3] is the appeals provision appli-

---

[1] James Harris, Betty Podsiadly, Rosella L. Szal and Regis J. Ryan.

[2] Appellants' mistaken belief that Borough Council had issued the permit arose from the impression, left with Appellants following the April 13 Borough Council meeting, that Council and the Planning Commission had been involved in the permit approval process. Moreover, Appellants were thereafter unable to obtain a copy of the occupancy permit from Borough officials despite repeated efforts to do so during the latter part of April. Had Appellants been successful in their attempts to review a copy of the permit, they would have known that the permit had been issued on April 1 by the building inspector. The hearing before the common pleas court on June 15, 1982, was apparently the first opportunity Appellants had to review the permit.

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 19 of the Act of June 1, 1972, P.L. 333, 53 P.S. §11007.

512

cable to Appellants' permit challenge. Section 1007 provides that:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order *of the governing body or any officer* or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map *shall first submit their objections to the zoning hearing board* under sections 909 and 915. ...

> Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved. (Emphasis added.)

This section establishes that whether Appellants were challenging a Borough Council action or action by the building inspector, their appropriate and exclusive remedy[4] would be an appeal to the Board. Absent such an appeal, the common pleas court correctly concluded that it was powerless to rule on the permit challenge. *See Gossman v. Lower Chanceford Township Board of Supervisors,* 62 Pa. Commonwealth Ct. 229, 435 A.2d 684 (1981); *Galbreath v. Board of Supervisors of Northampton Township,* 55 Pa. Commonwealth Ct. 165, 423 A.2d 45 (1980).

Appellants contend, however, that rather than quash the appeal, the court of common pleas should have transferred their appeal to the Board for further proceedings. This argument is, of course, premised on the assumption that Appellants' appeal was timely filed and, thus, capable of being validly transferred. We need not decide the timeliness issue, however, be-

---

[4] Section 1001 of the MPC, 53 P.S. §11001 provides that the appeal procedures set forth in the MPC are the exclusive means for obtaining review of decisions of the governing body of a municipality or its officers.

cause even assuming the appeal was timely filed we conclude that transfer would be inappropriate.

We first observe that no direct authority which would require the transfer of an erroneously filed zoning appeal from a court of common pleas to a zoning hearing board has been cited by the parties and we have found none. The issue was raised, but not decided, in *Gossman,* although we did suggest there in dicta that such a transfer would not be appropriate.

Appellants point to Section 708 of the Judicial Code, 42 Pa. C. S. §708, as support for their transfer request. That section, however, applies primarily to matters which have been improvidently filed with a *court* and which, rather than be dismissed, can be regarded and acted on by that *court* as if filed in proper form. Section 708 does not specifically or by implication authorize transfers between courts and local zoning hearing boards.

We also conclude that Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, which, at the time pertinent to the instant appeal, related to the transfer between *courts* of erroneously filed appeals, does not permit a transfer to the Board.[5] While we have in the past allowed transfers which were not specifically addressed by Section 5103, we did so only in order to prevent *new*

---

[5] Section 5103 was recently amended to also require transfers between courts and tribunals such as the Board of Claims, the Board of Property and the Office of Administrator for Arbitration Panels for Health Care. We do not believe a zoning hearing board falls within the definition of tribunal as set forth in the amendatory language. Section 5103(d) of the Judicial Code, 42 Pa. C. S. §5103 (d). We note in this regard that "tribunal" is given a broader definition in the general definitional section of the Judicial Code. Section 102 of the Judicial Code, 42 Pa. C. S. §102. This general definition would apparently include local zoning hearing boards. We think, therefore, that the legislature intended a more limited use of the term "tribunal" in Section 5103, in accord with the specific definition contained therein.

procedural rules from unfairly precluding an appeal or a cause of action which was instituted in accord with previously correct procedures. *Kim v. Heinzenroether*, 37 Pa. Commonwealth Ct. 328, 390 A.2d 874 (1978). Such considerations are absent from the instant case, since the appeals procedure at issue here has been in effect for more than a decade.

We, accordingly, will affirm the order of the court of common pleas.

### ORDER

The order of the Court of Common Pleas of Allegheny County, dated October 5, 1982, is hereby affirmed.