# Lago DeVita Community Assn. v. Board of Supervisors of Hempfield Township

*H. Nevin Wollam,* for appellant.
*Dennis P. Zuzik,* for appellee.

ACKERMAN, *J.,* October 19, 1984—In 1977, the Hempfield Township supervisors created by ordinance the Lago DeVita Planned Residential Development regulating a tract of land in the township to be developed by Lago DeVita, Inc. In 1982, the developer filed an application to modify the planned residential development ordinance. The modification request was submitted to the Hempfield Township Planning Commission, the Westmoreland County Planning Commission and then to the Hempfield Township Board of Supervisors which, after a hearing, unanimously approved the request for modification. Appellant, which is an association of 65 property owners in the planned residential development, has filed an appeal to this court seeking a review of the supervisors' actions in approving the modification.

Presently before the court is the township's motion to quash this appeal which the township contends should have been made to the Hempfield Township Zoning Hearing Board rather than to this

forum. We agree that the appeal should have been directed to the zoning hearing board.

The Municipalities Planning Code, 53 P.S. §11001, states that its provisions shall constitute the exclusive mode for securing review of any ordinance, decision, determination or order of the governing body of a municipality. Section 11007 of the code states as follows:

"Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map *shall first submit their objections to the zoning hearing board . . . .*" (Emphasis added).

In an attempt to excuse compliance with this section, the appellant community association has brought to the court's attention section 11003 of the code which states as follows:

"Questions of an alleged defect in the process of enactment or adoption of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court filed not later than thirty days from the effective date of the ordinance or map." The community association's reliance on this section is, however, misplaced. The 1982 action of the board of supervisors was not that of enacting or adopting an ordinance, but rather, of amending an ordinance which had been adopted in 1976. Indeed, in paragraphs 17, 19, 26, 27, 28 and 29 of its notice of appeal, the community association concedes that the matter before the Hempfield Township Board of Supervisors was an amendment to the planned residential development. There are no allegations that a new ordinance was enacted so

as to give our court jurisdiction under section 11003.

Having concluded that the within appeal is not properly before our court, we believe that a just result will more likely follow if the matter is transferred to the zoning hearing board for determination, as opposed to a dismissal which will give the appellants no chance to plead their case, 42 Pa.C.S. §5103(a) provides that if an appeal is brought before a court which does not have jurisdiction, the court shall not quash or dismiss the appeal, but rather, shall transfer the record to the proper tribunal. Subsection (d) of Section 5103 defines "tribunal" as:

". . . a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency."

Counsel for Hempfield Township argues that the zoning hearing board does not fall within that definition of "tribunal" and, therefore, such a transfer would be improper citing as authority Gossman v. Lower Chanceford Township, 62 Pa. Commw. Ct. 229, 435 A.2d 684 (1981). In that case, the Gossmans contended that it was error for the court of common pleas to fail to transfer their appeal to the zoning hearing board. The Gossman court, however, specifically avoided the question of whether or not the zoning hearing board was a "tribunal" within the meaning of the act and simply held that the law did not require the transfer of an erroneously filed zoning challenge from the court of common pleas to the zoning hearing board. Gossman v. Lower Chanceford Township, supra, at 233, 435 A.2d at 685. The holding in Gossman then is that a transfer

to the zoning hearing board is not required in such cases, but it cannot be cited as authority for the proposition that such a transfer is beyond the inherent discretionary powers of the court. We find that such a transfer to the zoning hearing board is within the discretion of our court for courts of this Commonwealth have always, as a matter of policy, favored giving litigants the opportunity to be heard as opposed to the termination of litigation because of technical defects. Further, as a practical matter, we feel that the quasi-judicial nature of the zoning hearing board is such that the board is a tribunal within the meaning of 42 Pa.C.S. §103(d). It is our considered opinion that fairness dictates that cases such as this, which have been erroneously filed with this court, be transferred to the proper forum for to do otherwise would simply elevate form over substance.

### ORDER OF COURT

And now, this October 19, 1984, the prothonotary is directed to transfer this appeal to the Hempfield Township Zoning Hearing Board for disposition consistent with our foregoing opinion.