## Borland v. Girard Township

*Gary D. Bax*, for plaintiff.
*Albert E. Wehan*, for defendant.

LEVIN, *J.*, April 9, 1986—This matter is before this court on appellants' motion to transfer this action nunc pro tunc. Appellants initially filed this appeal with this court in which they challenge certain amendments to the Girard Township Zoning Ordinance. Pursuant to the provisions of the Pennsylvania Municipalities Planning Code, 53 P.S. §11005, this matter should have been filed with the Girard Township Zoning Hearing Board. Appellants have requested that this court transfer their appeal pursuant to 42 Pa.C.S. §5103(a), as follows:

"(a) *General rule* — If an appeal or other matter is taken to or brought in a court or magesterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the Court of District Justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed. . . ."

The issue here is whether a zoning board constitutes a "tribunal" to which this court may transfer this appeal. The term, for purposes of the general rule, is defined as:

"(d) *Definition* — As used in this section 'tribunal' means a court or district justice or other judicial officer of this Commonwealth vested with the power

to enter an order in a matter, the Board of Claims, the Board of Property, the Office of the Administrator for Arbitration Panels for Health Care and *any other similar agency.*" 42 Pa.C.S. §5103(d). (Emphasis added.)

The question then becomes whether a zoning board is a "tribunal" as defined here. Appellant argues that the Girard Township Zoning Board *is* a tribunal as defined here because it is a "similar agency" of government to which an erroneous appeal may be transferred. While "similar agency" is not defined at §5103(d), the term "governmental agency" is defined at 42 Pa.C.S. §102 as:

"Any Commonwealth agency or any political subdivision or municipal or other local authority or any officer or agency of any such political subdivision or local authority."

Appellant further urges that, because this definition encompasses the agencies specifically named in §5103(d), it should also include a zoning hearing board because of the functional similarities between zoning hearing board and the listed agencies.

Appellants' reasoning would substitute "all tribunals" for "similar tribunals." This cannot be. If the legislature intended to allow for the transfer of all improperly filed appeals from courts to quasi-judicial tribunals, it would have been unnecessary to have a specific definition section in §5103, as §102's definition of "tribunal" is broad enough to cover zoning hearing boards. Instead, the legislature has chosen to put a much narrower definition on the word "tribunal" as it applies to §5103. Though appellants analogize the specific agencies of a zoning hearing board, the narrower definition includes as examples only agencies created by the legislature and basically are state governmental bodies as opposed to local government bodies. With this in mind, the court

may properly conclude that the legislature intended §5103 to apply to transfers only from courts to state tribunals established by the legislature itself. If the legislature had intended "tribunal" to include zoning hearing boards, it could have specifically named them in §5103(d).

Moreover, recent dicta in case law does not support this argument. The case of Harris v. Oil Service, Inc., 78 Pa. Commw. 510, 467 A.2d 1376 (1983), contains the following statement:

"Section 5103 was recently amended to also require transfers between courts and tribunals such as the Board of Claims, the Board of Property and the Office of Administrator for Arbitration Panels for Health Care. We do not believe a zoning hearing board falls within the definition of tribunal as set forth in the amendatory language. Section 5103(d) of the Judicial Code, 42 Pa.C.S. §5103(d). We note in this regard that "tribunal" is given a broader definition in the general definition section of the Judicial Code. Section 102 of the Judicial Code, 42 Pa.C.S. §102. The general definition would apparently include local zoning hearing boards. We think, therefore, that the legislature intended a more limited use of the word "tribunal" in accord with the specific definition contained therein." Harris v. Oil Service Inc., supra, at 513, 467 A.2d at 1377.

Appellants also argue that a recent appellate case could be construed to sustain their position. In Dunlap v. Larkin, 342 Pa. Super. 594, 493 A.2d 750 (1985), the Pennsylvania Superior Court was dealing with the issue of the transfer of an appeal erroneously filed from common pleas court to the local zoning hearing board. That court stated in a footnote:

"A similar argument has been made and rejected with respect to 42 Pa.C.S. §5103 (transfer between

courts). (Numerous citations omitted.) Section 5103(d), amended to §5103 on December 20, 1982, effective in 60 days, *could prescribe a different result,* contra Harris v. Oil Service, Inc., supra, at 513 note 5, 467 A.2d at 1377, note 5, but we note that it was not in effect at the time of the trial court's action in the instant case." Dunlap v. Larkin, supra, at 601, note 5, 493 A.2d at 754, note 5 (Emphasis supplied.) The rules enunciated in Dunlap, supra, indicate that it is a *possible* different result as opposed to Harris, supra. However, it makes no such pronouncement. Therefore, Dunlap, supra, is of little precedential value and it is far less than is found in Harris, supra, dicta. Until such time as the opinion of this court is overruled or in the alternative, if an appellate court rules that the dicta appearing in Harris, supra, is not the law, this court is of the opinion that a zoning hearing board does not fall within the definition of a tribunal as set forth in §5103(d).

Wherefore, appellants' motion for transfer nunc pro tunc is hereby denied.

## ORDER

And now, to wit, this April 9, 1986, it is hereby ordered, adjudged, and decreed that appellants' motion for transfer nunc pro tunc is hereby denied.