## Barner v. Board of Supervisors of South Middleton Twp.

*Richard P. Misilitsky,* for appellants.

*Richard C. Snelbaker,* for appellee board of supervisors.

BAYLEY, *J.,* May 1, 1987—

### PROCEDURAL HISTORY

(1) On May 15, 1986, the Board of Supervisors of South Middleton Township denied landowner

(Mallios, et al.) a conditional use permit under the township zoning ordinance for the development of land Mallios owns in the township.

(2) Pursuant to the Pennsylvania Municipalities Planning Code, Mallios filed a direct appeal to this court of the adverse action taken by the board of supervisors.[*]

(3) On September 30, 1986, at no. 1625 Civil 1986, this court remanded the matter to the board of supervisors "with the directive that the board . . . formulate findings of fact and conclusions of law, together with the reasons thereof, in support of its decision." The court noted that the absence of genuine factual findings made it impossible to determine whether the conclusions of law that the board had reached could be sustained.

(4) Pursuant to the order of remand, the board of supervisors held three additional hearings. On January 15, 1987, the board issued a comprehensive decision supported by findings of fact and conclusions of law in which it granted to Mallios the conditional use of his land for development of single family semi-detached dwellings, townhouses and a mobile home park. The decision set forth nine specific detailed conditions that the landowner would be required to meet under the terms of the grant of the conditional use.

(5) On January 26, 1987, the protestants (Barner, et al.), alleged aggrieved parties, filed this direct appeal at no. 221 Civil 1987, from the decision of the board of supervisors in granting Mallios the conditional use of his land for the purposes sought. Mallios has intervened and filed a motion to quash the appeal.

---

[*] See Act of June 1, 1972, §1006, as amended, 53 P.S. §11006.

## APPLICABLE LAW

A landowner, such as Mallios, who desires to secure review an order of a governing body denying a conditional use permit, has the option pursuant to the MPC of appealing directly from the order of the governing body to either the zoning hearing board or the court of common pleas of the county in which the land is located. 53 P.S. §11006. The code further provides that any persons aggrieved, such as appellant Barner, by the use or development permitted on the land of another who desires to secure review or correction of a decision or order of a governing body "shall first submit their objections to the zoning hearing board under sections 909 and 915. The submission shall be governed by the provisions of section 10005." 53 P.S. §11007.

Section 10005, 53 P.S. §11005, provides that appeals of aggrieved parties are submitted to ". . . [t]he zoning hearing board for a report thereon under section 910." (53 P.S. §10910) At 53 P.S. §10910 the code provides that ". . . [I]n all such challenges the board shall take evidence and make a record thereon . . . At the conclusion of the hearing, the board shall decide all contested questions and shall make findings on all relevant issues of fact which *shall become part of the record on appeal to the court.*" (emphasis supplied.)

Accordingly, the appeal process from the decision of governing body such as the board of supervisors under 53 P.S. §11007, mandates that aggrieved persons other than a landowner "shall first submit their objections to the zoning hearing board." The board's duty under 53 P.S. §11005 is to make a report. That report includes a decision on contested questions and findings of fact which, under 53 P.S. §10910, "shall become part of the record on appeal to the court." This appeal procedure to the court

mandates an intermediary step of obtaining a report by the zoning hearing board based upon its analysis of the contested questions and findings of fact relevant to the decision of the board of supervisors. After this report is filed, an appeal may be filed to the court in order to determine the validity of any continuing objections by protestants.

## DISCUSSION

Initially, protestants maintain that this court has jurisdiction over their direct appeal from the action by the board of supervisors by virtue of the landowner's (Mallios') direct appeal having been previously filed here at no. 1625 Civil 1986. In their brief, protestants state that "[I]t seems implicit in the order [of September 30, 1986] that the matter would return to this court once the board complied with the directive of the court." This position is wholly without merit. The original case on Mallios' direct appeal was docketed to a different term and number than this case. The prior case was returned to the board of supervisors because this court concluded that the absence of genuine factual findings made it impossible to determine whether or not the board's decision *denying* the application could be supported. By developing further evidence in additional hearings, the board changed its decision and issued comprehensive findings of fact in support of its conclusions that the landowner, Mallios, was entitled to develop the subject property based upon the specific conditions granted. Obviously, Mallios had no interest in appealing what was for him a favorable decision and it was not implicit in this court's order of September 30, 1986, that he would do so.

Thus, when the board of supervisors reversed their earlier decision, the status of the matter

changed and it was incumbent upon protestants, if they wished to have a review of the new decision favorable to Mallios, to first submit their objections to the zoning hearing board for a report which would form part of the record which is statutorily required prior to this court having jurisdiction to review the decision. Therefore, the fact that an issue involving these parties was previously before this court does not form a basis, absent statutory authority, to confer jurisdiction in this court to hear another issue raised by a different moving party in a different appeal.

In the alternative protestants ask that we transfer this case to the zoning hearing board rather than quash the appeal. The Commonwealth Court has held that an appeal such as this, wrongfully filed in the court of common pleas and not before the zoning hearing board, must be quashed and cannot be transferred to the board. *Township of Reserve v. The Zoning Hearing Board of Reserve Township,* 78 Pa. Commw. 496, 468 A.2d 872 (1983). This case was decided on the authority of section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a), which at the time provided in pertinent part:

"(a) *General rule.*—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, *but shall transfer the record thereof to the proper court or magisterial district of this commonwealth,* where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

"(c) *Interdivisional transfers.*—If an appeal or other matter is taken to, brought in, or transferred to

a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district." (emphasis supplied)

On February 20, 1983, section 5103(a) was amended to change the words ". . . but shall transfer the record thereof to the proper court or magisterial district of this commonwealth . . ." to ". . . but shall transfer the record thereof to the proper *tribunal* of this commonwealth . . ." (emphasis supplied)

The term "tribunal" in the 1983 amendment replaces the words "court or magisterial district" in the original statute. The protestants maintain that a zoning hearing board is a "tribunal" within the meaning of the amendment and therefore we should transfer this appeal to the board. The term "tribunal" is generally defined in the Judicial Code at 42 Pa. C.S. §102, as:

"A court, district justice or other judicial officer vested with the power to enter an order in a matter. The term includes a government unit, other than the general assembly and its officers and agencies, when performing quasi-judicial functions."

However, the term "tribunal" as utilized in the 1983 amendment to section 5103 of the Judicial Code was specifically limited by the definition provided in section 5103(d):

"(d) As used in this section "tribunal" means a court or district justice or other judicial officer of this commonwealth with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration

Panels for Health Care *and any similar agency."* (emphasis supplied)

Thus, the issue we must decide is whether a zoning hearing board is a similar agency to a court, district justice, other judicial officer, the Board of Claims, the Board of Property or the Office of Administrator for Arbitration Panels for Health Care. In *Harris et al. v. Oil Service Inc. et al.,* 78 Pa. Commw. 510, 467 A.2d 1376 (1983), in footnote 1 at page 513, the Commonwealth Court, in dicta, has stated:

"Section 5103 was recently amended to also require transfers between courts and tribunals such as the Board of Claims, the Board of Property and the Office of Administrator for Arbitration Panels for Health Care. We do not believe a zoning hearing board falls within the definition of a tribunal as set forth in the amendatory language. Section 5103(d) of the Judicial Code, 42 Pa. C.S. §5103(d). We note in this regard that 'tribunal' is given a broader definition in the general definitional section of the Judicial Code. Section 102 of the Judicial Code, 42 Pa. C.S. §102. This general definiton would apparently include local zoning hearing boards. We think, therefore, that the legislature intended a more limited use of the term 'tribunal' in section 5103, in accord with the specific definition contained therein."

We conclude that a zoning hearing board is a governmental unit performing quasi-judicial functions as the term "tribunal" is defined in the general definition section of the Judicial Code at 42 Pa. C.S. §102. A court or district justice or judicial officer or the Board of Claims, the Board of Property, or the Office of Administrator for Arbitration Panels for Health Care are all adjudicatory bodies as the word "tribunal" is defined in the specific limiting provision at 42 Pa. C.S. §5103(d). The purpose of the re-

quirement under the MPC for protestants to file an appeal initially with the zoning hearing board is for that board to prepare a report to be utilized in any appeal which may then be filed in the court of common pleas. The courts and agencies listed in section 5103(d) of the MPC all adjudicate cases and controversies, they do not file reports. Accordingly, we agree with the dicta of *Harris v. Oil Service Inc., supra,* that the term "tribunal" as used in section 5103, as specifically limited by section 5103(d), does not include a zoning hearing board. As a rule of statutory construction, the legislature, at 1 Pa. C.S. §1933, has provided:

"Particular controls general. Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the general assembly that such general provision shall prevail."

If the legislature had intended the rationale behind the amendatory language of section 5103 to include transfers such as the one herein at issue, it would not have limited the definition of "tribunal," which at 42 Pa. CS. §102 includes governmental units performing quasi-judicial functions, with the more restrictive definition in section 5103(d) which lists specific courts and adjudicatory agencies or similar entities. Therefore, the protestants' appeal must be quashed. *Township of Reserve v. Zoning Hearing Board of Reserve Township, supra.* We do not have jurisdiction to decide this case on the merits. Accordingly, the following order is entered:

## ORDER

And now, this May 1, 1987, the appeal of Bruce Barner et al. from the decision of the Board of Supervisors of South Middleton Township dated January 15 1987, granting Constantinos J. Mallios et al. a conditional use, is quashed.