537 A.2d 922

Bruce Barner et al., Appellants *v.* Board of Supervisors of South Middleton Township et al., Appellees.

Argued November 16, 1987, before Judges Mac-
Phail and Doyle, and Senior Judge Narick, sitting as a
panel of three.

*Richard P. Mislitsky, Hepford, Swartz, Menaker &
Morgan,* for appellants.

*Dale F. Shughart, Jr., Fowler, Addams, Shughart &
Rundle,* with him, *Charles Doran Vance, Jr.,* for appel-
lees.

OPINION BY JUDGE MACPHAIL, February 16, 1988:

Appellants[1] have appealed from an order of the Court of Common Pleas of Cumberland County which quashed their appeal from a decision of the Board of Supervisors of South Middleton Township (Board). The Board's decision had granted an application for a conditional use for the development of land owned by Appellees.[2] For the reasons which follow, we affirm the decision of the common pleas court to quash the appeal.

The central issue in this case involves a matter of procedure, the resolution of which will be made more clear by a brief outline of the procedural history developed to date. In February, 1986, Appellees filed an application for a conditional use with the Board. After hearings were held, the Board denied Appellees' application on May 15, 1986. Appellees filed a direct appeal to the common pleas court from the Board's action pursuant to Section 1006(1) of the Pennsylvania Municipalities Planning Code (MPC),[3] 53 P.S. §11006(1). On September 30, 1986, the common pleas court relinquished jurisdiction and remanded the matter to the Board which was directed to render a proper adjudication with fact findings and conclusions of law. The court order further provided that the Board's decision be "based on the existing record and on any additional testimony deemed appropriate."

The Board subsequently conducted additional hearings during which a lengthy record was compiled. The

---

[1] Bruce Barner, Lois Barner, Robert Brooks, Kenneth Bolton, Ed Oliveira, Ralph Thomas, Fred Townsend, Fred Stahl, Robert Bear, Bud Warner, Mr. & Mrs. Charles Bricker and Glen Feesor.

[2] Constantinos J. Mallios, Demetrious J. Mallios, John N. Mallios, Nicholas Mallios and Thomas N. Papoutsis.

[3] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 19 of the Act of June 1, 1972, P.L. 333.

Board rendered an adjudication on January 15, 1987, in which it reversed its prior action and granted Appellees' conditional use application subject to nine specific conditions. On January 26, 1987, protestants to the application who had intervened before the Board (Appellants herein) filed a direct appeal to the court of common pleas from the Board's grant of the conditional use application. Appellees intervened in the appeal and filed a motion to quash on the ground that the protestants should have first submitted their objections to the Township Zoning Hearing Board (ZHB) as directed by Section 1007 of the MPC, 53 P.S. §11007. The common pleas court agreed and concluded that it lacked jurisdiction over the appeal. The motion to quash was, accordingly, granted and the instant appeal followed.

The first issue raised by Appellants is whether or not the common pleas court erred in concluding that it lacked jurisdiction over their direct appeal from the decision of the Board. The court based its jurisdictional ruling on Section 1007 of the MPC, which provides as follows:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of *the governing body* or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map *shall first submit their objections to the zoning hearing board* under sections 909 and 915. The submission shall be governed by the provisions of section 1005.

> Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved.

(Emphasis added.) We have previously interpreted Section 1007 as providing the exclusive remedy for persons aggrieved by a conditional use decision regarding another person's property. *Mosside Assoc., Ltd. v. Zoning Hearing Board,* 70 Pa. Commonwealth Ct. 555, 454 A.2d 199 (1982). Failure to pursue the remedy before the ZHB which is provided by Section 1007 acts to deprive the common pleas court of jurisdiction over the matter. *Harris v. Oil Service, Inc.,* 78 Pa. Commonwealth Ct. 510, 467 A.2d 1376 (1983).

Appellants contend, however, that Section 1007 of the MPC is not applicable here because the Board's most recent decision was entered as the result of an earlier remand order of the court of common pleas. Appellants argue that, as a result, their appeal to court was but a continuation of the original appeal filed by the Appellees in 1986. We cannot agree with Appellants' theory. First, it is clear from the court's remand order that jurisdiction over the matter was relinquished by the court. Furthermore, the order permitted the taking of additional testimony on remand as deemed appropriate by the Board. As the record reveals, the Board, indeed, did accept additional evidence before it rendered its January 15, 1987 decision to grant the conditional use. Although not of controlling weight, we also note that the second appeal to court was assigned a new docket number and reflected the involvement of certain different protestants. We conclude that Appellants' direct appeal to court can in no manner be regarded as a continuation of the prior appeal properly taken by Appellees pursuant to Section 1006(1) of the MPC. We, accordingly, find no error in the decision of the common pleas court to quash the appeal on jurisdictional grounds.

Appellants next contend that, rather than quash the appeal, the court should have transferred the improperly filed appeal to the ZHB for disposition. In support of

their argument, Appellants cite Section 5103 of the Judicial Code, 42 Pa. C. S. §5103, which provides, *inter alia*, as follows:

(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. . . .

. . . .

(d) Definition.—As used in this section 'tribunal' means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, *the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.* (Emphasis added.)

Section 5103 was amended effective February 20, 1983 to include not only transfers between courts, but also transfers between courts and certain "tribunals." We have ruled that under the prior version of Section 5103, transfers from a court to a zoning hearing board were impermissible. *See Harris; Township of Reserve v. Zoning Hearing Board of Reserve Twp.,* 78 Pa. Commonwealth Ct. 496, 468 A.2d 872 (1983). The instant case presents us with the first opportunity to resolve the issue of whether or not Section 5103 as amended now permits transfers of erroneously filed appeals be-

tween courts and local zoning hearing boards.[4] We conclude that it does not.

In our opinion in *Harris*, 78 Pa. Commonwealth Ct. at 513 n. 5, 467 A.2d at 1377 n. 5, we observed, by way of dicta, that the definition of the term "tribunal" in amended Section 5103(d), is more limited than the general definition of that term contained in Section 102 of the Judicial Code, 42 Pa. C. S. §102. In Section 102, a "tribunal" is defined as:

> A court, district justice or other judicial officer vested with the power to enter an order in a matter. *The term includes a government unit, other than the General Assembly and its officers and agencies, when performing quasi-judicial functions.*

(Emphasis added.) It appears clear that this definition would include local zoning hearing boards. However, the definition of "tribunal" set forth in Section 5103(d), rather than mirroring the general definition, limits its application to agencies similar to "the Board of Claims, the Board of Property [and] the Office of Administrator for Arbitration Panels for Health Care." We observe that these tribunals are all Commonwealth agencies with state-wide jurisdiction.[5] Moreover, the original jurisdiction of each of these tribunals involves subjects which one would traditionally identify with the judiciary: the

---

[4] In *Dunlap v. Larkin*, 342 Pa. Superior Ct. 594, 493 A.2d 750 (1985), the Court noted, in dicta, that the recent amendment to Section 5103 might allow a transfer to a zoning hearing board, but the amendment was not in effect at the time pertinent to the case. *See also Township of Reserve*.

[5] *See Globe Disposal Co. v. Department of Environmental Resources*, 105 Pa. Commonwealth Ct. 599, 525 A.2d 437 (1987) (allowing a transfer between this Court and the Environmental Hearing Board, a Commonwealth agency with state-wide jurisdiction).

Board of Claims deals with certain contract claims against the Commonwealth,[6] the Board of Property has jurisdiction over actions in the nature of quiet title or ejectment against the Commonwealth[7] and the Office of Administrator for Arbitration Panels for Health Care was created to handle medical malpractice cases.[8] In short, the tribunals included in the definition of Section 5103(d) are Commonwealth agencies which deal with subjects which are also, in other instances, within the original jurisdiction of courts. In our opinion, these characteristics render local zoning hearing boards *dissimilar* from the agencies specified in Section 5103(d). We think that the General Assembly's reference to the specific tribunals in Section 5103(d) reflects its intent, while gradually liberalizing the transfer powers of courts, to continue to prohibit transfers between courts and zoning hearing boards.[9]

---

[6] Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-4, provides pertinently as follows:

The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.

[7] Section 1207 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §337, provides, *inter alia,* as follows:

The Board of Property shall . . . have jurisdiction to hear and determine cases involving the title to land or interest therein brought by persons who claim an interest in the title to lands occupied or claimed by the Commonwealth.

[8] We note that the Pennsylvania Supreme Court has declared the medical malpractice arbitration scheme currently set forth in the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §§1301.101—1301.1006, to be unconstitutional. *Heller v. Frankston,* 504 Pa. 528, 475 A.2d 1291 (1984); *Mattos v. Thompson,* 491 Pa. 385, 421 A.2d 190 (1980).

[9] *Contra Lago DeVita Ass'n v. Hempfield Township,* 35 Pa. D. & C. 3d 291 (1984).

The final contention presented by Appellants is that, in the interest of justice, we should allow the transfer to the ZHB even if Section 5103 would not permit the transfer. While we have in the past permitted transfers which are not specifically allowed by Section 5103, we have done so only where a new procedural rule would unfairly preclude an appeal or action which was correctly instituted in accord with prior procedure. *Kim v. Heinzenroether*, 37 Pa. Commonwealth Ct. 328, 390 A.2d 874 (1978). Such considerations are inapplicable where, as here, the appeals procedure has been in effect for approximately fifteen years. *See Harris.*

We, accordingly, will affirm the order of the court of common pleas.

## ORDER

The order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed.