**Joel PHILLIPS, Lashawana Stewart, and Maral L. Taylor, Petitioners**

v.

**The COMMONWEALTH of Pennsylvania STATE TAX EQUALIZATION BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 13, 2008.

Decided May 13, 2008.

---

John M. Silvestri, Pittsburgh, for petitioners.

Amy C. Foerster, Sr., Deputy Attorney General, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge, SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Before the Court are the preliminary objections filed by the State Tax Equalization Board (Board) in response to a Petition for Review in the Nature of a Complaint in Equity (Complaint) filed by Joel Phillips, Lashawana Stewart and Maral L. Taylor (collectively, Taxpayers) addressed to this Court's original jurisdiction. Taxpayers assert that the Board did not use statistically acceptable techniques to calculate the 2006 common level ratio for Allegheny County, in violation of Section 16.1(b) of the Act of June 27, 1947(Act), P.L. 1046, *as amended,* 72 P.S. § 4656.16a(b).[1] Because we conclude that

---

1. Section 16.1(b) of the Act, as added by the Act of December 13, 1982, P.L. 1158, states: In arriving at such ratio, *the board shall use statistically acceptable techniques, including sales ratio studies.* The boards method in arriving at the ratio shall be made available to the public. The ratio shall be certified to the chief assessor of each county and it shall be admissible as evidence in any appeal involving real property tax assessments.

72 P.S. § 4656.16a(b) (emphasis added).

an objection to the methodology for calculating the common level ratio must be heard, first, by the Board, we transfer this matter to the Board.[2]

The facts are not in dispute. Taxpayers own property located in Allegheny County. Phillips and Stewart have filed real estate tax assessment appeals with the Allegheny County Board of Property Assessment, Appeals and Review for tax year 2007. Taylor also has filed a real estate tax assessment appeal for two tax years, 2006 and 2007. So long as Taxpayers appeals are pending, they will cover every assessment made subsequent to the filing of their appeals.[3]

In their complaint to this Court, Taxpayers allege that the Boards calculation of the 2006 common level ratio for Allegheny County used a mean ratio, which tends to result in an upward bias if outlying data are not removed before calculating the mean.[4] Taxpayers allege that this adjustment of the data was not done, causing "unacceptable regressivity with the higher end of the value range of the assessment role being under-assessed while real estate assessed at the lower end of the value range ... is over assessed" with "such a level of non-uniformity that a revaluation of Allegheny County is warranted to prevent unfairness due to a lack of uniformity." Complaint, ¶ 14. Taxpayers contend that the only statistically acceptable techniques are those recommended by the International Association of Assessing Officers in their *Standard on Ratio Studies*. According to Taxpayers, the Board should have used the median ratio.[5] Using the

2. At oral argument, Taxpayers informed the Court that they had filed objections with the Board contemporaneously with filing their complaint with this Court. After argument, Taxpayers filed an "Application for Post Argument Submission under Rule 2501(a)" to supplement the record with copies of its objections filed with the Board and the Board's response. Rule 2501(a), which authorizes such supplements, states as follows:

> After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument.

PA. R.A.P. 2501(a). Taxpayers' Application was not opposed and will, therefore, be granted.

3. Section 518.1 of the General County Assessment Act, Act of May 22, 1933, P.L. 853, added by the Act of December 28, 1955, P.L. 917, provides, in relevant part, as follows:

> If a taxpayer has filed an appeal from an assessment, *so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assess-*

> *ment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or the court. This provision shall be applicable to all pending appeals as well as future appeals.* 72 P.S. § 5020–518.1(b) (emphasis added).

4. Taxpayers rely on a *Standard on Ratio Studies* promulgated by the International Association of Assessing Officers (IAAO) in 1999. The stated objective of the standard is to "provide a systematic means by which concerned assessing officers can improve and standardize the operation of their offices." Complaint, Exhibit 4, at 1. Regarding the above-cited proposition, the IAAO states:

> The mean is affected more by extreme ratios than the median. Also for statistical reasons, the sample mean has a slight upward bias with respect to the true level of assessment, that is, it tends to overestimate slightly the true level of assessment ... Regardless of the distribution of the data, the sample mean can be a valid estimator of the mean level of appraisal in the population, provided outliers are trimmed as appropriate.

*Id.* at 23.

5. The IAAO's *Standard on Ratio Studies* explains that estimates of appraisal level are based on measures of central tendency.

median ratio would produce a common level ratio for Allegheny County of 81.3 percent, as opposed to the 87.3 percent common level ratio promulgated by the Board. Taxpayers filed an identical complaint with the Board, but it was dismissed.[6]

Taxpayers also assert in their complaint that until this issue is resolved, they cannot effectively pursue their tax assessment appeals pending with the Allegheny County Board of Assessment Appeals. They also assert they have no adequate remedy at law because under the Boards regulations, only school districts may object to the common level ratio adopted in any particular year for a particular county.

In response, the Board filed preliminary objections, seeking the complaints dismissal. First, the Board argued that the complaint did not present an issue ripe for review because the common level ratio challenged by Taxpayers has no application to their 2006 and 2007 real estate assessments; it will affect their 2008 assessment but that annual assessment had not even been issued at the time Taxpayers filed their complaint. Second, the Board argued that Taxpayers complaint did not state a cause of action because the methodology used to calculate the common level ratio is the same in every county, defeating Taxpayers lack of uniformity claim. Further, the statistical techniques advanced by the International Association of Assessing Officers are, at best, advisory and in no way binding on the Board. Third, the Board argued that Taxpayers have a full remedy to challenge their assessments in an appeal to the Allegheny County Board of Assessment Appeals. Finally, the Board asserted that because the complaint failed to attach a writing, *i.e.,* Taxpayers' 2006 and 2007 assessment appeals, the complaint should be dismissed.[7]

■ The threshold question here is whether this Court has subject matter jurisdiction over Taxpayers' complaint.[8] Section 16.1(c) of the Act provides, in pertinent part, as follows:

> *Any* political subdivision or *taxpayer aggrieved* by any finding, conclusion or *any method or technique of the Board*

Complaint, Exhibit 4, at 21. Several measures of central tendency (appraisal level) can be calculated in ratio studies. *Id.* The "median ratio" is "the middle ratio when the ratios are arrayed in order of magnitude." *Id.* Because the median always divides the data into two equal parts, it is less affected by extreme ratios than other measures of central tendency. *Id.* As a result, it is the generally preferred measure of central tendency for direct equalization, monitoring appraisal performance, determining reappraisal priorities and evaluating the need for a reappraisal. *Id.*

6. The Board declined to hear Taxpayers' complaint, stating that:

> Issues identical to those underlying these objections currently form the basis for a lawsuit filed by Objectors against the Board in Commonwealth Court.

> The ... Board denied the objections at its advertised meeting conducted on August 29, 2007, because the objections will be addressed in Commonwealth Court.

Letter of August 31, 2007, from Thomas J. Connolly, Executive Director of the Board, to Taxpayers' counsel, John M. Silvestri, Esq.

7. Rule 1019(i) states:

> When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing.

PA. R.C.P. No. 1019(i).

8. At oral argument, Taxpayers expressed uncertainty over whether their complaint should have been presented to the Board or to this Court and, thus, they filed in both tribunals. The Board asserted that an aggrieved taxpayer can proceed before either tribunal, but once Taxpayers made an election, the matter was properly before this Court.

made pursuant to this section *may, in writing, state objections thereto* and may appeal de novo such ratio determination to the Commonwealth Court. *After receiving any objections, the board may grant a hearing and may modify or adjust its findings and computations* as it shall appear proper.

72 P.S. § 4656.16a(c) (emphasis added).[9] Section 16.1(c) grants a taxpayer the right to present objections to the Board, if aggrieved by its "method or technique" for calculating the common level ratio. The Board may hold a hearing to consider the objections, but it may also decide the objections have merit and adjust its calculations. If not satisfied with the outcome of the hearing, the taxpayer may "appeal de novo such ratio determination to the Commonwealth Court." *Id.*

It has long been established that "[w]here a remedy is provided by an act of assembly, the directions of the legislation must be strictly pursued and such remedy is exclusive." *Lurie v. Republican Alliance*, 412 Pa. 61, 63, 192 A.2d 367, 369 (1963).[10] This Court has explained that "where a statutory remedy exists, *it is exclusive* unless the jurisdiction of the courts is preserved thereby." *Lashe v. Northern York County School District*, 52 Pa.Cmwlth. 541, 417 A.2d 260, 264 (1980)

(emphasis added) (holding that a litigant could not avoid the procedure prescribed by statute in favor of a class action in equity). Where the statutory remedy is an administrative remedy, a court lacks jurisdiction. *Lilian v. Commonwealth*, 467 Pa. 15, 18, 354 A.2d 250, 252 (1976). The existence of the statutory remedy in Section 16.1(c) of the Act for resolving objections to the Board's methodology for calculating the common level ratio precludes this Court from proceeding with Taxpayers' complaint.

The Judicial Code directs that where a complaint is initiated in a court that lacks jurisdiction, it should be transferred to the proper tribunal and treated as if filed in the tribunal on the same date it was filed, incorrectly, with the court. Section 5103(a) of the Judicial Code states as follows:

*If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth,* where the appeal or other matter shall be

---

9. Section 16.1, as added by the Act of December 13, 1982, P.L. 1158, in full provides:
 (a) The [S]tate Tax Equalization Board shall, annually, prior to July 1, establish for each county a common level ratio for the prior calendar year.
 (b) In arriving at such ratio, the board shall use statistically acceptable techniques, including sales ratio studies. The boards method in arriving at the ratio shall be made available to the public. The ratio shall be certified to the chief assessor of each county and it shall be admissible as evidence in any appeal involving real property tax assessments.
 (c) Any political subdivision or taxpayer aggrieved by any finding, conclusion or any

method or technique of the board made pursuant to this section may, in writing, state objections thereto and may appeal de novo such ratio determination to the Commonwealth Court. After receiving any objections, the board may grant a hearing and may modify or adjust its findings and computations as it shall appear proper.
72 P.S. § 4656.16a.

10. This concept has been embodied in Section 1504 of the Statutory Construction Act of 1972, which also provides that "where a remedy is provided ... the directions of the statute shall be strictly pursued...." 1 Pa.C.S. § 1504.

treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added). Thus, Section 5103(a) authorizes this Court to transfer Taxpayers complaint to the proper tribunal.

■ Section 5103(d) of the Judicial Code specifies what constitutes a proper tribunal by defining a tribunal to be

a court or magisterial district judge or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and *any other similar agency.*

42 Pa.C.S. § 5103(d) (emphasis added). To be a similar agency, the tribunal must be a Commonwealth agency with statewide jurisdiction, and its jurisdiction must involve subjects traditionally identified with the judiciary. *Barner v. Board of Supervisors of South Middleton Township,* 113 Pa.Cmwlth. 444, 537 A.2d 922, 925 (1988) (holding that a zoning hearing board was not a "tribunal" within the meaning of Section 5103(d) of the Judicial Code, 42 Pa.C.S. § 5103(d)). The Board is such an agency. It has statewide jurisdiction, and the Board's decisions are directly appealed to this Court.

For these reasons, the Taxpayers complaint will be transferred to the Board.

### ORDER

AND NOW, this 13th day of May, 2008, Petitioner's Application for Post Argument Submission is GRANTED and the above-captioned matter is hereby TRANSFERRED to the State Tax Equalization Board pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).