J. Richard Fretz and Elizabeth Fretz, his wife, Appellants *v.* Hilltown Township Board of Supervisors, Appellee.

Argued October 7, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Bruce K. Doman,* with him *Ian A. Abarbanel,* and *Weber and Abarbanel,* for appellants.

*Charles S. Wilson,* with him *Charles S. Wilson & Associates,* for appellee.

OPINION BY JUDGE MENCER, December 9, 1975:

Appellants, J. Richard Fretz and Elizabeth Fretz, are owners of a tract of land comprising some 67.77 acres in Hilltown Township, Bucks County. They appeal to this Court from the decision of the Court of Common Pleas of Bucks County dismissing their appeal from a decision of the Board of Supervisors of Hilltown Township (Board). The Board denied appellants' petition to have their land rezoned to permit the construction of multi-family dwellings. We are constrained to affirm, though

on different grounds, the dismissal of this appeal by the court below.

On January 4, 1973, appellants entered before the Board a document entitled:

"PETITION OF PROPERTY OWNERS FOR CHANGE IN ZONING MAP UNDER ARTICLE XV, AMENDMENT SECTION 1500 OF THE ZONING ORDINANCE OF 1970."[1]

In this petition they stated:

"3. Your petitioners request that the premises hereinbefore described *be rezoned* and be designated as a MF Residential District." (Emphasis supplied.) The Board, after a hearing held on April 12, 1973, denied this request on April 21, 1973. Appellants sought review by the court below on the ground that the ordinance in question was invalid.

_____

1.  Section 1500 reads in its entirety:

"SECTION 1500. Amendment by Board of Supervisors. The Board of Supervisors may from time to time amend, supplement, change, modify, or repeal this Ordinance including the Zoning Map. The Board of Supervisors shall submit to the Township Planning Commission a copy of the proposed amendment, supplement, change, modification or repealer, as the case may be, and no action shall be taken thereon by the Board of Supervisors until such time as the Township Planning Commission shall submit to the Supervisors its written recommendation relative thereto, or until the expiration of thirty (30) days from the time of submission by the Supervisors to the Planning Commission of the said proposed action, whichever shall first occur. No such amendment, supplement, change, modification or repeal shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen (15) days notice of the time and place of such hearing shall be published in an official paper or a newspaper of general circulation in the Township, and notices thereof shall be mailed to all members of the Board of Adjustment, the Township Planning Commission, and to every civic association of residents in the Township which shall have registered its name and address for this purpose with the Secretary of the Board of Adjustment. The notices shall state the time and place of such hearing and the general nature of the proposed amendment."

The section of the Pennsylvania Municipalities Planning Code (MPC)[2] which allows substantive challenges to the validity of a zoning ordinance is Section 1004, 53 P.S. §11004, which provides in pertinent part:

"(1) A landowner who, on substantive grounds, *desires to challenge the validity of an ordinance or map* or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

"(a) To the zoning hearing board for a report thereon under section 910 [53 P.S. §10910] or 913.1 [53 P.S. §10913.1]; or

"(b) *To the governing body together with a request for a curative amendment under section 609.1* [53 P.S. §10609.1]." (Emphasis supplied.)

This is the exclusive mode for challenging the validity of an ordinance on substantive grounds under the MPC. Section 1001, 53 P.S. §11001. *See Ellick v. Board of Supervisors of Worcester Township,* 17 Pa. Commonwealth Ct. 404, 333 A. 2d 239 (1975).

At no time before the Board did the appellants urge that the ordinance was invalid. Indeed, no mention of the alleged unconstitutionality of the zoning ordinance was raised until the appeal to the Court of Common Pleas.

We therefore conclude that the petition in question was not a substantive challenge to the validity of an ordinance under Section 1004(1)(b) of the MPC but was, rather, a simple petition to rezone. This conclusion is further strengthened by the fact that no curative amendment pursuant to Section 609.1 of the MPC, 53 P.S. §10609.1, appears in the record. Had the challenge to the ordinance been made under Section 1004(1)(b), the submission of such an amendment would have been required by Section 1004(2)(d), 53 P.S. §11004(2)(d).

---

2. Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10101 et seq.

This case is, accordingly, within the ambit of our decision in *Board of Supervisors of Ferguson Township v. Strouse,* 16 Pa. Commonwealth Ct. 143, 328 A. 2d 177 (1974), in which we held that the refusal of a municipal governing body to rezone was not subject to review by this or any other court.

We have recently had occasion to discuss our rationale for this principle in *Board of Commissioners of McCandless Township v. Beho Development Co., Inc.,* 16 Pa. Commonwealth Ct. 448, 452, 332 A. 2d 848, 851 (1975):

"A request for rezoning calls upon a local governing body, acting in its legislative role, to consider whether or not rezoning is in the best interest of the community. A 'challenge' pursuant to Section 1004 (1) (b), 53 P.S. §11004(1) (b), on the other hand, requires the governing body to act, in effect, as a quasi-judicial body and consider the legal merits of the challenge to the validity of the ordinance." (Citing *Ellick, supra.*)

The importance of differentiating between these roles is amply demonstrated in the instant case. Since the Board at all times assumed it was dealing with a petition to rezone, almost all the testimony received at the hearing of April 12, 1973 dealt with the advisability of granting this change in the zoning map rather than with the constitutionality of the ordinance.

Neither this Court nor the Court of Common Pleas of Bucks County has the power to review the Board's refusal to rezone.

Order affirmed.