Township of Reserve *v.* Zoning Hearing Board of Reserve Township and Robert W. Schomaker. Robert W. Schomaker, Appellant.

Argued October 6, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE sitting as a panel of three.

*Deborah S. Miskovich, Hess & Humphreys,* for appellant.

*Russell J. Ober,* with him, *Kim D. Eaton, Rose, Schmidt, Dixon & Hasley,* for appellee, Zoning Hearing Board of Reserve Township.

*Samuel P. Kamin,* with him *Howard M. Louik, Goldberg & Kamin,* for appellee, Residents and Taxpayers of Township of Reserve.

OPINION BY JUDGE DOYLE, November 22, 1983:

Before this Court is an appeal by Robert W. Schomaker (Appellant) from a decision and order of the Court of Common Pleas of Allegheny County affirming the Zoning Hearing Board of Reserve Township's (Board) denial of a proposed planned residential development. We must reverse.

The application for the planned residential development (PRD) at issue in this case was filed by Appellant with the Board of Commissioners of Reserve Township (Commissioners) in February, 1980. Hearings were held, and on August 25, 1980 the PRD was approved subject to Appellant satisfying thirty-one separate conditions. The conditions were imposed in the absence of a PRD ordinance which, as of the time of the instant appeal, had as yet not been enacted.

On September 9, 1980, two separate appeals of the Commissioners' action were filed in the Court of Common Pleas of Allegheny County by residents of the Township. The first appeal, as of No. SA 1000 of 1980, was captioned: "In the Court of Common Pleas of Allegheny County, Pennsylvania" and the second, docketed as of No. SA 1001 of 1980, was captioned: "Before the Zoning Hearing Board of Reserve Township." Pursuant to motions filed by the Township, the first of these appeals was quashed on the basis that the Court was without jurisdiction to entertain the appeal. The Court, properly decided that the appeal was governed by Section 1007 of the Pennsylvania Municipalities Planning Code (Code),[1] 53 P.S. §11007 which dictated that such an appeal should be filed with the township zoning hearing board. The second appeal, however, was transferred to the Board by the Court

[1] Act of July 31, 1968, P.L. 805, *as amended.* Sections 1001 through 1011 of the Code, as originally enacted, were repealed by Section 18 of the Act of June 1, 1972, P.L. 333, *as amended.* Section 1007 as applied here was added by Section 1007 of that Act.

"for full disposition." The Board subsequently dismissed this appeal not on grounds that it lacked merit or was otherwise defective, but rather on the basis of what it deemed to be the invalidity of the Commissioners' approval of the PRD in the absence of a PRD ordinance, which in effect rendered the Commissioners' action a nullity and unappealable. This decision was appealed by the Township to the common pleas court which affirmed the Board. The appeal to this Court followed.

This Court's scope of review in zoning appeals is to determine whether there has been an abuse of discretion or an error of law. *See Nardozza Zoning Case,* 45 Pa. Commonwealth Ct. 482, 405 A.2d 1020 (1979); *Children's Aid Society v. Zoning Board of Adjustment,* 44 Pa. Commonwealth Ct. 123, 402 A.2d 1162 (1979). *See generally* R. Ryan, Pennsylvania Zoning Law and Practice §9.5.10 (1981).

Appellant[2] initially asserts that the common pleas court erred, as a matter of law, in its transfer of the appeal of the residents to the Board for disposition and that there was no timely appeal to the Board such that would permit it to properly address the PRD approval. We are constrained to agree.[3] Section 1007

---

[2] The brief of Appellant Schomaker asserts that he intervened in the present appeal, docketed as of No. 1001 of 1980 before the trial court. The Appellees' brief asserts that the Appellant intervened in No. 1000 of 1980. In fact, Appellant merely filed a Praecipe of Appearance in the Court proceedings on July 15, 1981 subsequent to the Board's decision on May 18, 1981. Appellant's standing was not challenged however.

[3] This Court rejects the argument raised by the residents in their brief that Appellant waived his right to raise this issue by not appealing the transfer by the common pleas court at the time it was made. The issue is one of subject matter jurisdiction and cannot be waived. *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965). It can be raised at any time, even by a court sua sponte. *Id.*

of the Code is the controlling law for the purposes of the case at bar[4] as it reads, in pertinent part:

Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections 909 and 915.

The court of common pleas was thus without jurisdiction not only to adjudicate the first appeal filed by the residents, but to address this appeal as well.

The common pleas court recognized its lack of jurisdiction at the time of the transfer of this matter to the Board. The court nonetheless jusified the transfer on the theory that the residents' appeal was captioned as being before the Board and that the prothonotary's acceptance for filing thereof was a breakdown in the operation of the court of a nature sufficient to warrant the transfer and to also require the Board to address the appeal nunc pro tunc.[5] *See Bass*

---

[4] As contradistinguished from the case sub judice, Section 1003 of the Code, 53 P.S. §11003, pertaining to questions regarding alleged defects in enrolled ordinances, reads:

Questions of an alleged defect in the process of enactment or adoption of any ordinance or map shall be raised by an appeal taken directly from the action of the governing body to the court.

[5] The specific language invoked by the common pleas court in this regard was:

This Court is without jurisdiction to entertain this appeal. Recognizing that quashing this appeal may result in denying Appellants their day in Court because the time within [which] their appeal could have been taken to the zoning hearing board has long since expired, the Court has

*v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979). We cannot accept this logic. At the time the matters at issue herein transpired, Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a) read:

General Rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.

Zoning hearing boards, not being courts or magisterial districts, are clearly not encompassed within this pro-

---

searched rules and authorities to find a basis upon which this appeal can be transferred to the Zoning Hearing Board of Reserve Township for disposition. No authority has been found and Rule 213(f) of the Pennsylvania Rules of Civil Procedure authorize transfers from a court which has no jurisdiction to a court of appropriate jurisdiction. A zoning hearing board does not fit the description of a Court [sic] of appropriate jurisdiction.

. . . .

It is clear that Appellants intended to file an appeal before the Zoning Hearing Board and an appeal before this Court to insure that at least one appeal is filed before a tribunal having jurisdiction. For some unexplained reason, both appeals were filed with the Court and for a more mysterious and unexplained reason, the Court accepted for filing this appeal since it was clearly improperly captioned. . . . In the interest of fundamental justice, it is deemed proper under the circumstances to transfer this appeal to the Zoning Hearing Board of Reserve Township for full disposition. *In re: Application For Tentative Approval of Planned Residential Development by Robert Schomaker,* (No. SA 1001 of 1980, filed March 9, 1981), slip op. at 2-3.

vision.[6] Therefore an appeal to a court which lacks jurisdiction, because jurisdiction lies instead with a zoning hearing board, as in the case sub judice, clearly could not have been saved by a transfer to the board by the court. *See Rostosky v. Department of Environmental Resources*, 26 Pa. Commonwealth Ct. 478, 364 A.2d 761 (1976). The appeal should instead have been quashed.[7] Since the common pleas court was without jurisdiction in this matter and without authority to transfer it to the proper adjudicatory Board, it simi-

---

[6] Nor are they covered by Pa. R.A.P. 751(a) which reads:

General rule. If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court on the date first filed in a court or magisterial district.

[7] Section 5103(a) was amended by Section 201 of the Act of December 20, 1982, P.L. 1409, to now read, in pertinent part:

General rule.—If an appeal of other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper *tribunal* of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee *tribunal* on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. (Emphasis added.)

Section 5103(d), 42 Pa. C. S. 5103(d), in turn, states:

As used in this section "tribunal" means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the board of claims, the board of property, the office of administrator for arbitration panels for health care and any other similar agency.

We do not here address whether a transfer such as occurred in the case at bar would be authorized by the current statute.

larly was without jurisdiction to sua sponte direct the Board to address the residents' appeal, regardless of any factors possibly relating to a nunc pro tunc consideration.[8] And, as the common pleas court had no authority to transfer the residents' appeal, the September 9, 1980 filing date thereof with that Court is irrelevant with respect to whether the matter was timely filed as an appeal to the Board. The matter cannot be considered to have gone before the Board prior to March 9, 1981, the date of the transfer and, as this is well in excess of thirty days beyond the August 25, 1980 approval of the PRD by the Commissioners, the Board too was without jurisdiction to hear the appeal. Section 915 of the Code, 53 P.S. §10915. *See In Re: Appeal of Gilbert,* 34 Pa. Commonwealth Ct. 299, 383 A.2d 556 (1978).

Accordingly, we must reverse that portion of the decision and order of the Court of Common Pleas of Allegheny County in this matter which found the Board to have jurisdiction to address the residents' appeal and vacate that portion affirming the Board's invalidation of the Commissioners' action. In the absence of a timely appeal, the tentative approval of Appellants' PRD by the Commissioners must stand. While we do not here address any appeal which might possibly emanate from a final approval of the PRD by the Commissioners, we do note that, although their initial approval was couched in terms which ostensibly rendered it consistent with a proposed PRD ordinance

[8] Original application for allowance to file the appeal nunc pro tunc must be made by the Appellant to the body to which the appeal should have been taken in a timely fashion. The common pleas court, in its appellate jurisdiction over zoning matters, may then address the denial or grant of the application. While the issue is not properly before us, in the hopes of forestalling additional litigation, we note that the prothonotary's acceptance of the appeal for filing does not, in our view, constitute grounds for a nunc pro tunc appeal. *See Nixon v. Nixon,* 329 Pa. 256, 198 A. 154 (1938) ; *Rostosky.*

for the Township, their action was of an ad hoc nature pertaining exclusively to the application of Appellant. Thus, they were without authority to grant temporary approval to Appellant because no valid ordinance had been enacted by the Township, under Section 702 of the Code, 53 P.S. §10702, which would allow the Commissioners to "approve, modify or disapprove any development plan. . . ." Nor could the specific approval of the Appellant's plan be considered the passage of such an ordinance. There was no general purpose to the approval; rather it was specific, addressing only the transaction of the business at hand and therefore a non-legislative act. *Almy v. Borough of Wilkinsburg,* 53 Pa. Commonwealth Ct. 46, 416 A.2d 638 (1980).[9]

[9] The Board, in an excellent analysis of the problem, perceived the dilemma which confronted it:

If the decision of the Commission was lawful, then this Board would not hesitate to dismiss the instant appeal on jurisdictional grounds because it was not timely filed. On the other hand, if the decision was unlawful, then this Board is of the opinion that it would still be obliged to dismiss this appeal, but for totally different reasons. . . . If the Commission decision was invalid, this Board would be compelled to dismiss the instant appeal for lack of an appealable issue.

This is not a distinction without a difference, for although the result is the same, the impact on the parties hereto, and the community as a whole, is dramatically different. If the decision was valid, Schomaker could proceed with the development of his plan and the appellants' remedies would appear to be limited to filing a proper appeal, if appropriate, from final approval of the Schomaker application by the Commission as authorized by §195 of the Act, or to appealling [sic] from the enactment of a PRD ordinance (if such an ordinance is enacted) as authorized by §1003 or 1005 of the Act. However, if the decision was invalid, Schomaker and the Commission would have to begin *de novo.* The difference in the results are, to say the least, significant.

### ORDER

Now, November 22, 1983, the decision and order of the Court of Common Pleas of Allegheny County in the above captioned matter, Case No. SA 1001 of 1980, dated October 6, 1981, is hereby reversed in part and vacated consistent with the opinion above.