James E. Sorbara and Christine Sorbara, his wife, Appellants *v.* City of Pittsburgh et al., Appellees.

Argued October 6, 1983, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*William R. Grove, Jr., Hollinshead and Mendelson,* for appellants.

*D. R. Pellegrini,* City Solicitor, for appellee, City of Pittsburgh.

*Joel P. Aaronson, Baskin and Sears, P.C.,* for appellee/intervenor, Owen Lavelle.

OPINION BY JUDGE MACPHAIL, February 23, 1984:

Appellants[1] have brought this appeal from an order of the Court of Common Pleas of Allegheny County which quashed their zoning appeal for lack of jurisdiction.

Owen Lavelle (Intervenor), owner of a five acre tract of land fronting Noblestown Road for 516 feet in the 28th ward of the City of Pittsburgh, requested a change in the zoning district classification in order to construct a supermarket. On June 14, 1982, the Council of the City of Pittsburgh approved an ordinance which changed the zoning of Intervenor's tract of land from a limited industrial district to a commercial dis-

---

[1] James E. Sorbara and Christine Sorbara.

trict, and on July 23, 1982 the Bureau of Building Inspections approved the issuance of the permit to Intervenor for the construction of a commercial building.

Appellants appealed to the common pleas court averring first that the rezoning was the object of special treatment without justification and, therefore, the reclassification was spot zoning; and second that the rezoning was arbitrary and unreasonable, with no substantial relation to the public health, safety, morals and general welfare. The common pleas court quashed the appeal because it was improperly filed directly to the common pleas court rather than the Pittsburgh Zoning Board of Adjustment (Board). The common pleas court also stated that it was without power to transfer the appeal to the Board.

Appellants contend that the Board lacks jurisdiction to decide appeals which contest the validity or constitutionality of a legislative act by the city council. Appellants rely on Section 7 of the Act of March 31, 1927 (Second Class City Code), P.L. 98, 53 P.S. §25057 and the Pittsburgh Code of Ordinances (Code)[2] to support their contention that the Board is limited to interpreting and reviewing decisions made by an administrative official in the enforcement of any ordinance.

Section 7 of the Second Class City Code provides that

The board of adjustment shall have the following powers:

1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination, made by an administrative official in the enforcement of any ordinance adopted pursuant to this act.

---

[2] Title 9, Art. I, Ch. 909, §§909.03 and 909.04.

. . . .

> In exercising the above-mentioned powers, such boards may, in conformity with the provisions of this act, reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from, and may make such order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the officer from whom the appeal is taken.

The City of Pittsburgh, of course, is a home rule charter municipality. The Code, effective May 29, 1979, includes a chapter outlining the powers, duties and functions of the Board of Adjustment (Board). Sections 909.03 and 909.04 of the Code incorporate the provisions of Section 7 of the Second Class City Code but Section 909.03 states that the Board also shall have those powers and duties prescribed in the Zoning Ordinance. Pertinent to that broad language is the language in Section 909.02 which reads:

> The Board's functions shall be a) to review determinations made by the Administrator or the Superintendent and to interpret the provisions of this Zoning Ordinance where there is doubt of its meaning or application. . . .

The instant appeal is, of course, from a decision of the Superintendent of the Bureau of Building Inspections.

In view of the Code provisions we hold that the historical rule that the statutory procedure for testing the validity of the substantive provisions of a zoning ordinance is the exclusive remedy available to one who is aggrieved by those provisions, must prevail. *City of Pittsburgh v. Commonwealth,* 485 Pa. 40, 400 A.2d 1301 (1979); *Pittsburgh Outdoor Advertising Company v. Clairton,* 390 Pa. 1, 133 A.2d 542 (1957); *Knup v. Philadelphia,* 386 Pa. 350, 126 A.2d 399 (1956) and

*Wyoming Borough v. Wyco Realty Co.*, 64 Pa. Commonwealth Ct. 459, 440 A.2d 696 (1982). Appellants, therefore, were required to first submit their challenge to the Board. *Bidwell v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 327, 286 A.2d 471 (1972) is not inconsistent with our holding here. In *Bidwell,* this Court said that the Board is not charged with a *determination* of the constitutionality of legislatively prescribed ordinances. What we now hold in the case *sub judice* is that the challenge first must be *submitted* to the Board.

Appellants contend that the common pleas court should have transferred their appeal to the Board. Appellants rely on *Kim v. Heinzenroether,* 37 Pa. Commonwealth Ct. 328, 390 A.2d 874 (1978), which permitted an administrator for Arbitration Panels for Health Care to transfer a medical malpractice claim from arbitration to common pleas court. This Court, however, only allowed such a transfer because the enactment of new procedural rules would have unfairly precluded the appeal. *Harris v. Oil Service, Inc.,* 78 Pa. Commonwealth Ct. 510, 467 A.2d 1376 (1983). These considerations are not before us in the case *sub judice.* We have previously held in *Township of Reserve v. Zoning Hearing Board of Reserve Township,* 78 Pa. Commonwealth Ct. 496, 468 A.2d 872 (1983) that it would be inappropriate to require a transfer of an erroneously filed zoning challenge from a court of common pleas to a zoning board. In that case, and the case *sub judice,* the language of Section 5103(a) of the Judicial Code, 42 Pa. C. S. §5103(a) read:

> General Rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district shall not quash such appeal or dismiss the mat-

ter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district.[3]

Since zoning hearing boards are not courts or magisterial districts, the court of common pleas properly quashed the Appellants' appeal.

We affirm.

## ORDER

The order of the Court of Common Pleas of Allegheny County, dated November 16, 1982, is hereby affirmed.

---

[3] Section 5103 has been amended by Section 201, Act of December 20, 1982, P.L. 1409, effective February 18, 1983. Since the court of common pleas' decision was rendered in November 1982, the amendatory language is inapplicable in this instance.