567 A.2d 1115

**CITY OF JOHNSTOWN, Appellant,**

**v.**

**James D. VARNISH, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Dec. 21, 1989.

Richard J. Green, Jr., Johnstown, for appellant.

W. Patrick James, Johnstown, for appellee.

Before CRUMLISH, Jr., President Judge, and COLINS, J., and BARBIERI, Senior Judge.

## OPINION

CRUMLISH, Jr., President Judge.

The City of Johnstown (City) appeals a Cambria County Common Pleas Court order upholding James Varnish's appeal and reversing Johnstown City Council's (Council) decision denying his application for rezoning. We vacate the trial court's order.

In July 1988, Varnish purchased a vacant two-story brick building, formerly the Hudson Street Elementary School. Varnish purchased the property for use as a woodshop in his building remodeling business, knowing that the property was situated in a family residential zone. Upon purchase, Varnish petitioned the Planning Commission (Commission) to rezone the property to M–2, designated "Industrial Service and Distribution" under the Johnstown zoning ordinance. This "petition to rezone" contained a street-boundary description of the area, a statement of Varnish's purpose in making his request, and a list of neighboring property owners' signatures and addresses. After physical inspection and public hearing, the Commission recommended the zoning change to Council. Council rejected the recommendation.

The common pleas court, concluding that the Council's actions were arbitrary, capricious and in bad faith, reversed the Council's decision and ordered it to rezone the property.

The City contends that the common pleas court erred in its concluding that refusal to accept the recommendation of the Commission was arbitrary, capricious or in bad faith. We agree.

The court in its opinion stated that it was not clear if Varnish was notified of Council's consideration of his application. However, it must be noted that the record indicates Council advised Varnish that his petition would be heard at Council's September 14, 1988 meeting. Varnish elected not to appear and Council, after deliberation, denied the application for rezoning.

■ Moreover, when a landowner simply makes a request for a zoning amendment, the matter is strictly a legislative procedure. *Boyd v. Zoning Hearing Board of Churchill Borough,* 83 Pa. Commonwealth Ct. 110, 476 A.2d 499 (1984). The refusal of a governing body to grant this rezoning application is a legislative act not subject to judicial review. *Pheasant Run Civic Organization v. Board of Commissioners of Penn Township,* 60 Pa. Commonwealth Ct. 216, 430 A.2d 1231 (1981). Thus, the common pleas court was without authority to order Council to rezone the property.

Accordingly, we vacate the trial court's order and reinstate Council's decision denying Varnish's rezoning application.

## ORDER

The order of the Cambria County Common Pleas Court, No. 1988–2266 dated April 25, 1989, is vacated. The Johnstown City Council's decision denying appellee's request for rezoning is hereby reinstated.