580 A.2d 470

ASSOCIATION OF CONCERNED CITIZENS OF
BUTLER VALLEY, Appellant,

v.

BUTLER TOWNSHIP BOARD OF SUPERVISORS and Clyde
Sumner and Greater Hazleton Community Area New Develop-
ment Organization, Inc., a/k/a Can–Do, Inc., Appellees.

Commonwealth Court of Pennsylvania.

Argued May 1, 1990.

Decided Sept. 24, 1990.

Joseph P. Giovannini, Jr., Winkler, Danoff & Lubin, for appellant.

Anthony J. Dixon, West Hazleton, for appellee, Butler Township Board of Supervisors.

Henry A. Giuliani, Giuliani & Bernstein, Hazleton, for appellee, Clyde Sumner.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

The Association of Concerned Citizens of Butler Valley (Citizens) appeals an order of the Court of Common Pleas of Luzerne County which affirmed the decision of the Butler Township Board of Supervisors (Supervisors) to amend the Butler Township Zoning Ordinance.

Although no findings were made below, the following facts appear not to be in dispute. Clyde Sumner has owned real estate in Butler Township since 1962. He acquired the real estate prior to the enactment of the original zoning ordinance in 1964. In 1964, the real estate was zoned industrial; however, in 1984, the Township adopted a new comprehensive plan and rezoned the Sumner property to "Suburban Residential." In August of 1987, Sumner applied to the Township for a rezoning of 28.38 acres of his land located in the northeast quadrant of the intersection of Township Route 359 and Pennsylvania Route 309, a four lane state highway, from "Suburban Residential" to "Restricted Industry." Two service stations, a mini-mall and a restaurant are situated in the same quadrant. The southwest quadrant contains a service station and a truck stor-

age yard. The area east and adjacent to the Sumner property is presently zoned "Restricted Industry."

Four months after Sumner requested the zoning change, the Greater Hazleton Community Area New Development Organization, Inc. (CAN–DO) also filed a zoning application with the Township for a change of a zoning classification of a 1,085 acre tract of land located near the Sumner tract, but primarily in the southwest quadrant of the intersection of Interstate 80 and Pennsylvania Route 309, a portion of the parcel being north of Pennsylvania Route 80 along Township Route 428. The zoning classification change was from "Rural Conservation" to "Restricted Industry."

Subsequent to these two zoning change requests, the supervisors held separate public meetings on both the Sumner zoning change request and the CAN–DO request. On December 30, 1988, the Supervisors adopted the amendments to the zoning ordinance and thus changed the two tracts to "Restricted Industry." The Citizens appealed to the common pleas court and the court, without taking any evidence, denied the appeal. The Citizens now appeal that denial.

Unfortunately we are precluded from reaching the issues raised by the Citizens in this appeal. The amendments to the ordinance which Sumner and CAN–DO obtained constituted actions by the Board of Supervisors in its *legislative* capacity. *Pheasant Run Civic Organization v. Board of Commissioners of Penn Township*, 60 Pa.Commonwealth Ct. 216, 430 A.2d 1231 (1981). Because the courts have no power to interfere in the legislative process, the Supervisors' determination is not subject to judicial review. *Id.* Moreover, until a landowner actually attempts to take advantage of the rezoning by applying for a building permit there is no actual controversy which is ripe for litigation. *Roeder v. Hatfield Borough Council*, 439 Pa. 241, 266 A.2d 691 (1970). Rather, the Citizens' remedy is to appeal to the zoning hearing board from the grant of a building permit to Sumner and/or CAN–DO if that event should ever occur. *See id.* Because, on the record here,

there is nothing to show that any building permits have even been sought, much less obtained, there is no controversy ripe for review. Therefore, the proper course is for us to vacate the trial court's order and dismiss the proceedings without prejudice to the Citizens to raise their issues again at the appropriate time. *See Roeder.*[1]

## ORDER

NOW, September 24, 1990, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby vacated and this case is dismissed without prejudice to the Citizens to raise their issues again if the controversy ripens.

---

1. Even if we were not faced with this jurisdictional obstacle, review of this case would not be possible because there were never any findings of fact made by either the Supervisors or the Court of Common Pleas of Luzerne County.