613 A.2d 612

The CITY OF HERMITAGE, Michael A.P.G. Magnotto and Daniel Schiavone, Appellants,

v.

The ZONING HEARING BOARD OF THE CITY OF HERMITAGE and Sharon Associates, Mable H. Seiner, James F. Zorzi and Karen L. Zorzi and Paul G. Wasko and Deborah A. Wasko, Appellees.

Commonwealth Court of Pennsylvania.

Argued May 12, 1992.

Decided July 31, 1992.

Petition For Allowance of Appeal Denied Feb. 16, 1993.

David F. Toal, for appellants.

Roger R. Shaffer, Jr., for appellees.

Stephen G. Yusem, for intervening appellees.

Before PALLADINO, and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Before the court for review, pursuant to Pa.R.A.P. 1311, is the interlocutory order of the Court of Common Pleas of Mercer County (trial court) which held that the Zoning Hearing Board of the City of Hermitage (Board) had subject matter jurisdiction over the challenge by Sharon Associates, Mable H. Seiner, James F. Zorzi, Karen L. Zorzi, Paul G. Wasko and Deborah A. Wasko (Objectors) to amendments to the City of Hermitage Zoning Ordinance. This court granted permission to appeal the interlocutory order in a September 18, 1991 order by Senior Judge Barbieri.

Michael A.P.G. Magnotto and Daniel Schiavone (landowners) own a tract of land in the City. Pursuant to the amendments of the zoning ordinance, 10.5 acres of the tract were

rezoned to central commercial district and 9.8 acres of the tract were rezoned to office building district.[1] Objectors brought a challenge to the amendments before the Board. After hearings, the Board invalidated the amendments.

Landowners and the City (collectively, Appellants) appealed the Board's decision to the trial court which remanded the case to the Board to make findings and conclusions with respect to the validity of the amendments and to issue a revised decision. After an additional hearing, the Board issued a revised decision in which it concluded that the amendments constituted illegal spot zoning, and ordered that the original zoning be restored. Appellants appealed the Board's decision to the trial court claiming that the Board had no subject matter jurisdiction over Objectors' challenge. The trial court held that the Board had subject matter jurisdiction. The trial court later amended its opinion to allow its interlocutory order to be appealed to this court, and this court granted Appellants' petition for permission to appeal.

The sole issue presented is whether the Board has subject matter jurisdiction over Objectors' challenge of zoning amendments where no permit has been requested by landowners and landowners have not attempted to use the property in a manner consistent with the amended zoning.

Relying on this court's recent decision in *Association of Concerned Citizens of Butler Valley v. Butler Township Board of Supervisors,* 135 Pa.Commonwealth Ct. 262, 580 A.2d 470 (1990), Appellants argue that unless a permit to build or develop the property is issued by the government body, an appeal from the legislative act of rezoning is not ripe for adjudication. They stress the fact that Landowners have neither applied for any type of permit with respect to the tract, nor have they attempted to use or develop their tract consistent with the amended zoning. In *Concerned Citizens,* this court held that "until a landowner actually attempts to take advantage of the rezoning by applying for a building permit there is no actual controversy which is ripe for litigation." *Id.* at 264, 580 A.2d at 471.

1. The entire tract had previously been zoned single-family residential.

The trial court held in the case at bar that the *Concerned Citizens* case does not "make the lack of jurisdiction abundantly clear." Trial Court's Opinion at 9. We disagree. In *Concerned Citizens,* as in the case at bar, the amendments to the ordinance constitute actions by the government body in its legislative capacity. As we held in *Concerned Citizens,* the courts have no power to interfere in the legislative process. Therefore, the Board's legislative determination is not yet subject to judicial review because no actual controversy exists at this time. The *Concerned Citizens* case is indistinguishable from the case at bar and is controlling here.

Accordingly, the order of the trial court is reversed.

## ORDER

AND NOW, July 31, 1992, the interlocutory order of the Court of Common Pleas in the above-captioned matter is reversed. Jurisdiction is relinquished.