641 A.2d 688

Carol BAKER, Appellant,

v.

**CHARTIERS TOWNSHIP, and Chartiers Township Board of Supervisors, and William H. Martin, Inc.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1993.

Decided April 25, 1994.

Petition for Allowance of Appeal Denied Oct. 21, 1994.

---

576

Peter M. Siwak, for appellant.

James P. Liekar, for appellee.

Douglas R. Nolin for appellee/intervenor William H. Martin, Inc.

Before COLINS, and SMITH, JJ., and DELLA PORTA, Senior Judge.

SMITH, Judge.

■ Carol Baker appeals from the order of the Court of Common Pleas of Washington County quashing her appeal from a decision of the Chartiers Township Board of Supervisors to rezone land within the Township; and from the subsequent order of that court denying Baker's motion for reconsideration and/or consolidation.[1] The issues raised on appeal to this Court are whether the trial court erred in determining that it lacked jurisdiction over an appeal challenging the validity of an amendment to a zoning ordinance; and whether the trial court correctly determined that it was without authority to remand Baker's appeal to the zoning hearing board.

In December 1991, William H. Martin, Inc. (Martin) submitted to the Township a petition for rezoning of certain real property Martin owned which was contiguous to property upon which Martin operated a sanitary landfill. In August 1992, the Board of Supervisors voted to rezone the land from agricultural to industrial and thereafter adopted an ordinance amending the Township's official zoning map, including the rezoning requested by Martin.

On September 24, 1992, Baker, who owned land adjacent to the rezoned property, filed with the trial court a notice of appeal challenging the Board of Supervisors' legislative action on procedural grounds.[2] Martin filed a notice of intervention and a motion to quash Baker's appeal, arguing that the trial court lacked jurisdiction to hear Baker's challenge to a zoning ordinance amendment because the appeal should have been filed with the Chartiers Township Zoning Hearing Board pursuant to the Pennsylvania Municipalities Planning Code

1. Where a trial court refuses to reconsider an order, appeal lies only from the underlying order and not from the refusal to reconsider. *City of Philadelphia v. Glim*, 149 Pa. Commonwealth Ct. 491, 613 A.2d 613 (1992). Consequently, the only order properly before this Court is the order quashing Baker's appeal.

2. On the same day, Baker also filed a notice of appeal with the Chartiers Township Zoning Hearing Board outlining substantive challenges to the decision of the Supervisors. The challenges raised in that appeal are not presently before this Court.

(MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202. The trial court granted Martin's motion to quash and denied Baker's subsequent request for reconsideration and/or consolidation. Baker appealed to this Court.[3]

Baker first argues that the trial court erred in determining that it did not have jurisdiction over Baker's appeal from the Board of Supervisors' adoption of an ordinance amending the Township's official zoning map. Baker asserts that under the MPC, appeal from a decision of a township's governing body on a petition from a landowner for an amendment of the zoning ordinance and for a curative amendment is properly to the court of common pleas.

■ At the outset, this Court notes that Baker incorrectly labels Martin's petition as a request for a curative amendment. The procedure for landowner curative amendments is addressed by Section 609.1(a) of the MPC, added by Section 53 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10609.1(a), which reads in pertinent part:

> A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in Section 916.1.[4]

Such a challenge requires the governing body to act, in effect, as a quasi-judicial body and consider the legal merit of the challenge to the validity of an ordinance. *Fretz v. Hilltown Township Board of Supervisors,* 22 Pa. Commonwealth Ct. 276, 348 A.2d 488 (1975). A request for rezoning, on the other hand, calls upon a local governing body, acting in its legislative

**3.** This Court's scope of review of a trial court order dismissing for lack of jurisdiction is limited to a determination of whether the trial court abused its discretion or committed an error of law. *Casselli v. State Police,* 146 Pa. Commonwealth Ct. 625, 606 A.2d 663 (1992).

**4.** Added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1.

role, to consider whether rezoning is in the best interest of the community. *Id.*

There is a necessity for strict compliance with all procedural requirements found in Section 609.1 so that local governing bodies can distinguish between requests for rezoning and challenges to the validity of ordinances. *Beh v. City of Scranton,* 126 Pa. Commonwealth Ct. 482, 560 A.2d 276 (1989). Unless the governing body is specifically advised that the challenge procedure is being invoked, it will view an application as involving a simple request for rezoning. *See Board of Comm'rs of McCandless Township v. Beho Development Co., Inc.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975); Ryan, *Pennsylvania Zoning Law and Practice,* § 9.6.11. In the present matter, Martin's application was labeled a petition for rezoning of certain real property: it neither challenged the validity of the zoning ordinance nor requested a curative amendment, and further could not have satisfied the procedural requirements of Section 609.1. Therefore, Martin's petition was properly treated as a request for rezoning. *See also Spencer v. Board of Supervisors of Earl Township,* 23 Pa. Commonwealth Ct. 37, 350 A.2d 214 (1976).

The Board of Supervisors' authority to hear Martin's request for rezoning is derived from Section 909.1(b) of the MPC, added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(b), which sets forth the governing body's exclusive jurisdiction in relevant part:

(b) The governing body ... shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

. . . .

(5) All petitions for amendments to land use ordinances, pursuant to the procedures set forth in Section 609. Any action on such petitions shall be deemed legislative acts, provided that nothing contained in this clause shall be deemed to enlarge or diminish existing law with reference to appeals to court.

Further, Section 1002–A of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002–A, provides that "[a]ll appeals from all land use decisions rendered pursuant to Article IX [53 P.S. §§ 10908.1–10916.2] shall be taken to the court of common pleas of the judicial district wherein the land is located . . . ." Baker argues that pursuant to Sections 901.1(b)(5) and 1002–A, the Board of Supervisors as a governing body has exclusive jurisdiction over a petition for rezoning and its decision was properly appealed to the trial court and not to the zoning hearing board.

When a landowner simply makes a request for rezoning, the matter becomes a strictly legislative procedure. *City of Johnstown v. Varnish,* 130 Pa. Commonwealth Ct. 251, 567 A.2d 1115 (1989). The decision of a governing body to grant or deny an application for rezoning is a legislative act not subject to direct judicial review. *Sharp v. Zoning Hearing Board of Township of Radnor,* 157 Pa. Commonwealth Ct. 50, 628 A.2d 1223 (1993); *Association of Concerned Citizens of Butler Valley v. Butler Township Board of Supervisors,* 135 Pa. Commonwealth Ct. 262, 580 A.2d 470 (1990). However, once rezoning is granted its validity can be challenged pursuant to procedures set forth in the 1988 revisions to the MPC. *Sharp.* Section 909.1(a)(1), (2) of the MPC provides in part:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

(1) Substantive challenges to the validity of any land use ordinance, except those brought before the governing body pursuant to sections 609.1 and 916.1(a)(2) [procedures for landowners' curative amendments].

(2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days after the effective date of said ordinance.

■ In *Sharp*, this Court was presented with facts similar to those sub judice and specifically rejected the argument that, upon a petition for rezoning and subsequent adoption of a rezoning ordinance, an adjoining landowner's procedural and substantive challenges should have been presented directly to the trial court. Instead, this Court held that under Sections 909.1 and 1002-A of the MPC, the zoning hearing board has exclusive jurisdiction to determine the validity of the rezoning ordinance adopted by the governing body. Furthermore, in *Land Acquisition Servs., Inc. v. Clarion County Board of Comm'rs*, 146 Pa. Commonwealth Ct. 293, 605 A.2d 465 (1992), this Court held that Section 909.1(a)(2) provides for direct court review of compliance with land use and zoning ordinance procedure only when no zoning hearing board exists. It is undisputed here that the Township has had a zoning hearing board for some time. Therefore the trial court did not err in its conclusion that exclusive jurisdiction over Baker's appeal lies with the zoning hearing board.[5]

■ Baker last argues that the trial court erred in its determination that it was without authority to remand her appeal to the zoning hearing board. The trial court relied upon *Barner v. Board of Supervisors of South Middleton Township*, 113 Pa. Commonwealth Ct. 444, 537 A.2d 922 (1988), in which this Court held that failure to pursue a remedy before the zoning hearing board as set forth in the MPC deprives the trial court of jurisdiction over the matter, and under 42 Pa.C.S. § 5103, does not permit transfers of erroneously filed appeals between courts and zoning hearing boards. Furthermore, in *Sorbara v. City of Pittsburgh*, 80 Pa.

**5.** Baker contends that Martin's and the Township's reliance upon *Sorbara v. City of Pittsburgh*, 80 Pa. Commonwealth Ct. 425, 471 A.2d 927 (1984), and *Township of Reserve v. Zoning Hearing Board of Reserve Township*, 78 Pa. Commonwealth Ct. 496, 468 A.2d 872 (1983) is misplaced because these cases were interpreting pre–1988 MPC procedures. Each case held that under the MPC, the objecting landowners were required to first submit their appeals to the zoning boards which had exclusive jurisdiction, rather than to the trial court. That these decisions were issued under previous MPC provisions is of no moment however where jurisdiction under the 1988 MPC amendments clearly remains with the zoning board. *See Sharp*.

Commonwealth Ct. 425, 471 A.2d 927 (1984), presenting a situation similar to the present matter, a landowner appealed from a decision of the Pittsburgh City Council adopting a rezoning ordinance. This Court upheld the trial court's determination that under the MPC the landowners were required to first submit their challenge to the Pittsburgh Zoning Board of Adjustment, and specifically rejected the landowners' contention that the trial court should have transferred their appeal to the board. *See also Township of Reserve v. Zoning Hearing Board of Reserve Township,* 78 Pa. Commonwealth Ct. 496, 468 A.2d 872 (1983) (where jurisdiction properly lies with a zoning hearing board, an improper appeal to the trial court cannot be saved by a transfer to the board and should be quashed). Thus the trial court properly held that it was without authority to transfer Baker's appeal.

Baker nevertheless maintains that the circumstances of her case justify the trial court's transfer of her appeal to the zoning hearing board, and relies upon *Chul Kim v. Estate of Heinzenroether,* 37 Pa. Commonwealth Ct. 328, 390 A.2d 874 (1978) and *Dunlap v. Larkin,* 342 Pa. Superior Ct. 594, 493 A.2d 750 (1985). In *Chul Kim,* this Court noted that while it has in the past permitted transfers which are not specifically allowed by 42 Pa.C.S. § 5103, it has done so only where a new procedural rule would unfairly preclude an appeal which was correctly instituted in accord with prior procedures: this situation however is not present in the matter sub judice. Further, in *Dunlap,* the court specifically noted that a trial court was without jurisdiction over appellants' equity action, was not authorized to transfer the case to the zoning hearing board, and should have quashed the appeal. In reaching its decision, the Superior Court relied upon this Court's decisions in *Sorbara* and *Township of Reserve.* This Court finds nothing in *Dunlap* that, as Baker suggests, creates a rule different than that set forth in *Barner, Sorbara,* or *Township of Reserve.* Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 25th day of April, 1994, the order of the Court of Common Pleas of Washington County is affirmed.