Raymond E. COSSELL, Appellant,

v.

CONNELLSVILLE TOWNSHIP
BOARD OF SUPERVISORS.

Commonwealth Court of Pennsylvania.

Argued May 7, 2001.

Decided June 28, 2001.

John S. Cupp, Jr., Uniontown, for appellant.

Gretchen A. Mundroff, Connellsville, for appellee.

Before COLINS, Judge, PELLEGRINI, Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Raymond E. Cossell (Landowner) appeals from an order of the Court of Common Pleas of Fayette County that affirmed the decision of the Connellsville Township (Township) Board of Supervisors (Board) that denied Landowner's request for the rezoning of his property.

On January 23, 1998, Landowner filed a petition, requesting a change of zoning for his property from R–2 (medium density residential) and M–1 (light industrial) to M–2 (heavy industrial for warehousing purposes). On February 18, 1998, at a public hearing, the Board heard testimony. At the end of the hearing, the Board's solicitor indicated that a request would be sent to the State Ethics Commission for an opinion regarding which Board members could decide the case because of alleged conflicts of interest. Then at a regular meeting on September 10, 1998, the Board voted and denied the request for the change in zoning. The Board members voted as follows:

James Stoots—no to the request for change of zoning,

Roger Adams—abstained from the vote,

Janice Fosbrink—voluntarily recused herself at the time of the hearing pursuant to a request by Supervisor Adams.

Landowner appealed to the trial court alleging that the decision by one supervisor was irregular, i.e., one person is not a quorum. Moreover, the caption in the appeal named the Connellsville Township Zoning Board, but was served on the Board of Supervisors. Landowner moved to amend the caption, which the trial court granted and the appeal was refiled on December 16, 1998. The Board filed an answer and a motion to quash, which the trial court granted, holding that Landowner's appeal was untimely.[1]

Landowner then appealed to this Court, which reversed the trial court's decision to quash. *Cossell v. Connellsville Township Board of Supervisors*, 747 A.2d 977 (Pa. Cmwlth.2000) (*Cossell I* ). The court in *Cossell I* held that the amendment to the caption was a simple correction and that the Board was not prejudiced by the error because it had notice. The *Cossell I* court also held that the forty-five-day limit resulting in a deemed denial provided for in Section 916.1(c)(7) of the Pennsylvania Municipalities Planning Code (MPC),[2] was waived by the Board's solicitor in conjunction with the request for the ethics opinion.

The case then proceeded before the trial court. Following a status conference and the filing of briefs, the trial court entered its order and accompanying opinion, affirming the decision of the Board. The court cited Section 603 of the Second Class Township Code,[3] which states:

1. The Board was relying on the delay caused by the improperly named party in the caption, which caused the amended appeal to be filed on December 16, 1998, instead of within thirty days following the September 11, 1998 letter that gave Landowner notice of the Board's denial.

2. Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21,1988, P.L. 1329, 53 P.S. § 10916.1(c)(7). This section

states that "[i]f the governing body or the zoning board, as the case may be, fails to act on the landowner's request within the time limits referred to in paragraph (6), a denial of the request is deemed to have occurred on the 46th day after the close of the last hearing."

3. Act of May 1, 1933, P.L. 103, reenacted and amended by the Act of November 9, 1995, P.L. 350, 53 P.S. § 65603.

The board of supervisors shall meet for the transaction of business at least once each month at a time and place determined by the board of supervisors. A quorum is two members of a three-member board of supervisors or three members of a five-member board of supervisors. An affirmative vote of a majority of the entire board of supervisors at a public meeting is necessary in order to transact any business.

The trial court then indicated that with Supervisors Stoots and Adams in attendance a quorum was present, but in light of Supervisor Adams abstention the Board was unable to enact a resolution, which requires a majority vote, relying on *Beh v. City of Scranton*, 126 Pa.Cmwlth. 482, 560 A.2d 276 (1989) (simple majority is needed to amend a zoning ordinance). Having concluded that the vote was ineffective to adopt the zoning change, the trial court proceeded to discuss whether a deemed approval or a deemed denial should issue. Citing Section 1916.1(c)(6) and (7) of the MPC, 53 P.S. § 10916.1(c)(6) and (7), the trial court determined that because the Board failed to act on the petition for rezoning, Landowner's request should be deemed denied.

Landowner now appeals to this Court,[4] and raises the following issues for our review: (1) whether the Board's decision to deny Landowner's request for rezoning was void for a lack of a quorum, (2) whether this failure to make a proper decision confers a deemed approval, and (3) whether the trial court failed to make a decision based on substantial evidence.

Throughout their arguments in their briefs, the parties confusingly refer to Landowner's request as either one for a curative amendment to the ordinance or as one for rezoning, at times erroneously citing various sections of the MCP to support their respective positions. Landowner here was clearly requesting a rezoning. The application submitted by Landowner is a Township form entitled Petition for Rezoning. Moreover, Landowner provided no curative amendment. *See Beh.*

In *Baker v. Chartiers Township*, 163 Pa.Cmwlth. 574, 641 A.2d 688 (1994), *appeal denied*, 539 Pa. 655, 651 A.2d 542 (1994), the court discusses the difference between a request for a curative amendment, which requires the governing body to act as a quasi-judicial body and consider the legal merit of the challenge to validity of an ordinance, and a request for rezoning, which requires the local governing body to act in a legislative role, considering whether rezoning is in the best interest of the community. Pursuant to *Baker* "[t]he decision of a governing body to grant or deny an application for rezoning is a legislative act not subject to direct judicial review." *Id.* at 690. Only after rezoning is granted can its validity be challenged. *Id.; see also Sharp* (Commonwealth Court has no power to interfere with county's or township's legislative process, and their decision to grant or deny an application for rezoning is not subject to direct judicial review).

Even in the context of a submission for a curative amendment, Section 9.6.9 of Ryan's *Pennsylvania Zoning Law and Practice* (1994) states that "[w]hen an appeal is taken to court, the legislative aspect drops out of the case, for a court does not have power to require the enactment of a zoning amendment."

4. Our scope of review in zoning cases where, as here, the trial court took no additional evidence is limited to determining whether the Board committed an error of law or an abuse of discretion. *Sharp v. Zoning Hearing Board of the Township of Radnor*, 157 Pa. Cmwlth. 50, 628 A.2d 1223 (1993), *appeal denied*, 536 Pa. 629, 637 A.2d 290 (1993).

The court in *Association of Concerned Citizens of Butler Valley v. Butler Township Board of Supervisors,* 135 Pa.Cmwlth. 262, 580 A.2d 470 (1990), also discusses the Board of Supervisor's passage of two rezoning amendments to the Butler Township zoning ordinance in the context of the Concerned Citizens' appeal to the trial court. The *Butler* court stated:

> Unfortunately we are precluded from reaching the issues raised by the Citizens in this appeal. The amendments to the ordinance which Sumner and CAN-DO obtained constituted actions by the Board of Supervisors in its *legislative capacity.* Because the courts have no power to interfere in the legislative process, the Supervisors' determination is not subject to judicial review. Moreover, until a landowner actually attempts to take advantage of the rezoning by applying for a building permit there is no actual controversy which is ripe for litigation.

*Id.* at 471.

Although here the procedural posture is somewhat different in that no rezoning occurred, we are still constrained in our ability to interfere in the Board's legislative proceedings, i.e., its refusal to grant Landowner's rezoning application. Based on the dictates of *Baker, Sharp* and *Butler,* we conclude that the trial court had no jurisdiction to hear Landowner's appeal from the Board's denial of the request for rezoning. Nor does this Court. Accordingly, Landowner's appeal is quashed.

### *ORDER*

NOW, June 28, 2001, pursuant to the foregoing opinion in the above-captioned case, Raymond E. Cossell's appeal is quashed.