# Ludders v. Board of Supervisors of South Abington Township

*Christopher P. Cullen,* for appellants-plaintiffs.
*William T. Jones,* for appellee-defendant.
*Patrick J. Lavelle,* for intervenors Florey Lumber Co. Inc.

MINORA, *J.,* March 1, 2007—

# I. INTRODUCTION

Currently before the court in this land use appeal is the issue of whether the Court of Common Pleas of Lackawanna County has jurisdiction to consider said land use appeal with respect to enactment of an ordinance by the appellee-defendant.

By way of background, Florey Lumber Company Inc. is the equitable owner and developer of 38.2 acres of land situated in South Abington Township, Lackawanna County, Pennsylvania.

As such, Florey requested that South Abington Township re-zone the subject property from an R-1 residential classification to an R-3 residential classification. The request by Florey did not involve a curative amendment to said subject ordinances as per 53 P.S. §10609.1(a) of the Municipalities Planning Code.

During a regular meeting held on April 10, 2006, the appellee-defendant granted the request of Florey and adopted ordinance no. 192 of 2006, which amended the South Abington Township Zoning Map by changing the designation of the zoning for the subject property from R-1 to R-3.

Following the grant of re-zoning and the enactment of the ordinance by the appellee-defendant, current appellant-plaintiffs filed a land use appeal on May 3, 2006, directly with the Court of Common Pleas of Lackawanna County. Neither the appellant-plaintiffs nor anyone else lodged a direct appeal with the South Abington Township Zoning Hearing Board.

We note that following the filing of the notice of land use appeal, Florey filed a petition to intervene in this

matter and seeks to join in the position of the appellee-defendant that the Court of Common Pleas lacks jurisdiction to consider the instant land use appeal.

This matter has sparked numerous filings and letter writing by counsel, all of which serve no probative purpose to help resolve the threshold jurisdictional issue.

In any event, our learned colleague, the Honorable Terrence R. Nealon, framed the issue before us at this juncture in his court order of September 18, 2006, which stated in pertinent part:

"(1) The threshold jurisdictional issue raised by the appellee-defendant, and the petition to intervene filed by Florey Lumber Co. Inc., will be argued before Judge Carmen D. Minora on October 27, 2006 at 10 a.m.; and

"(2) The parties will not argue or submit the underlying merits of the land use appeal to Judge Minora on October 27, 2006 at 10 a.m."

The parties did indeed present oral argument on these issues and the matter has been thoroughly briefed. We now consider the pivotal and threshold jurisdictional issue as well as the ancillary intervention issue ripe for disposition.

## II. ISSUES

(A) *The threshold issue*—Does the Court of Common Pleas of Lackawanna County have jurisdiction to hear this instant land use appeal?

(B) *The ancillary issue*—Should Florey Lumber Co. Inc.'s petition to intervene be granted?

## III. DISCUSSION

### A. *The Threshold Jurisdictional Issue*

It is well settled that questions of jurisdiction are never waived and can always divest the court of power to adjudicate underlying substantive issues. See generally, *Pennhurst Medical Group v. Department of Public Welfare,* 796 A.2d 423 (Pa. Commw. 2002). A trial court's ruling dismissing an action based on lack of jurisdiction will not be disturbed absent an abuse of discretion or error of law. See *Baker v. Chartiers Township,* 163 Pa. Commw. 574, 641 A.2d 688 (1994), *petition for allowance of appeal denied,* 539 Pa. 655, 651 A.2d 542 (1994).

In the case at hand, it is beyond dispute that the instant proceedings were initiated by the developer Florey's application to re-zone the subject property. Such an application calls upon a local governing body, acting solely in its legislative role, to consider whether re-zoning is in the best interest of their community. *Baker v. Chartiers Township,* 163 Pa. Commw. 574, 578-79, 641 A.2d 688, 689 (1994), *petition for allowance of appeal denied,* 539 Pa. 655, 651 A.2d 542 (1994) (citing *Fretz v. Hilltown Township Board of Supervisors,* 22 Pa. Commw. 276, 348 A.2d 488 (1975)); *Vanderlin v. City Council of the City of Williamsport,* 821 A.2d 1287, 1291 (Pa. Commw. 2003).

As such, developer Florey's application for re-zoning resulted in the instant appellee-defendant's enactment of ordinance no. 192 of 2006 mentioned above, which is clearly and solely a legislative enactment not subject to direct judicial review. See *Vanderlin, supra; Baker, su-*

*pra; East Lampeter Township v. County of Lancaster,* 744 A.2d 359 (Pa. Commw. 2000), *petition for allowance of appeal denied,* 564 Pa. 698, 764 A.2d 51 (2000); *Sharp v. Zoning Hearing Board of the Township of Radnor,* 157 Pa. Commw. 50, 628 A.2d 1223 (1993), *petition for allowance of appeal denied,* 536 Pa. 629, 637 A.2d 290 (1993); *Association of Concerned Citizens of Butler Valley v. Butler Township Board of Supervisors,* 135 Pa. Commw. 262, 580 A.2d 470 (1990); *Pheasant Run Civic Organization v. Board of Commissioners of Penn Township,* 60 Pa. Commw. 216, 430 A.2d 1231 (1981).

In addition to the case authorities, the Municipalities Planning Code states that:

"(b) the governing body or, except as to clauses (3), (4) and (5), the planning agency, if designated, shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

"(5) all petitions for amendments to land use ordinances, pursuant to the procedures set forth in section 609. *Any action on such petitions shall be deemed legislative acts, provided* that nothing contained in this clause shall be deemed to enlarge or diminish existing laws with *reference to appeals to court.*" 53 P.S. §10909.1(b)(5). (emphasis added)

Moreover, 53 P.S. §10909.1(a)(1)(2) states:

"(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

"(1) *Substantive challenges to the validity of any land use ordinance,* except those brought before the governing body pursuant to sections 609.1 and 916.1(a)(2).

*"(2) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects on the process of enactment or adoption which challenges shall be raised by an appeal taken within 30 days of the effective date of the said ordinance.*

"Where the ordinance appealed from is the initial zoning ordinance of the municipality and a zoning hearing board has not been previously established,[1] the appeal raising procedural questions shall be taken directly to court . . . ."

Since it is clear and free from doubt that the Municipalities Planning Code and the case law state that the South Abington Township Zoning Hearing Board was the proper entity having exclusive jurisdiction over the validity ·of the ordinance at issue, the instant land use appeal must be dismissed for lack of jurisdiction. See *Baker, supra* and *Vanderlin, supra.* Further, we note the lack of timeliness in the filing of the appeal. The ordinance passed in April 10, 2006. No appeal was ever filed with the proper tribunal having "exclusive jurisdiction" within 30 days per 53 P.S. §10909.1(a)(2) noted above.

We note that we as a trial court reached a similar disposition in *Van Wie v. Board of Supervision of South Abington Township,* 844 A.2d 665 (Pa. Commw. 2004) (unreported decision table no. 2089 C.D. 2003); *appeal denied,* 579 Pa. 696, 856 A.2d 836 (2004). This court's jurisdictional decision in *Van Wie* denying jurisdiction was upheld by our appellate courts as referenced above. See also, *Cossell v. Connellsville Township Board of Supervisors,* 779 A.2d 611 (Pa. Commw. 2001).

---

1. Factors not at play in the instant case.

Before we conclude our discussion, we also note that a zoning appeal improperly and directly appealed to the court of common pleas cannot be saved by a court of common pleas remanding or transferring said appeal to the zoning hearing board. This would be contrary to section 5103(a) of the Judicial Code.[2] See *Baker, supra; Township of Reserve v. Zoning Hearing Board of Reserve Township,* 78 Pa. Commw. 496, 468 A.2d 872 (1983); *Sorbara v. City of Pittsburgh,* 80 Pa. Commw. 425, 471 A.2d 927 (1984). This being a statutory appeal, strict compliance with the statutory mandates is critical. Absent such compliance, this court cannot remand and make the untimely timely nor act in a jurisdictional manner that it clearly lacks.

Therefore, it is clear that appellants-plaintiffs' land use appeal must be quashed and dismissed for lack of a proper statutory basis for jurisdiction.

## B. *The Ancillary Issue Concerning Florey Lumber Co. Inc.'s Petition To Intervene*

While our decision above would seemingly render Florey's petition to intervene moot, this is not the case. Such a petition to intervene is still relevant should this matter be predictably taken up on appeal since Florey would still have a direct vested interest in this case. See generally, *Atticks v. Lancaster Township Zoning Hearing Board,* 915 A.2d 713, 2006 WL 3913368 (Pa. Commw. 2007).

We also note that intervention is within the sound discretion of the trial court and will not be disturbed

---

2. 42 Pa. C.S. §5103(a).

absent an abuse of discretion or error of law. See *Atticks, supra; Wilson v. State Farm Mutual Automobile Insurance Co.,* 512 Pa. 486, 492, 517 A.2d 944, 947 (1986).

Clearly, Florey Lumber Co. Inc.'s status as an equitable owner of the real estate at issue and as the original applicant for a zoning amendment give it a direct and immediate interest, thereby providing Florey the necessary standing to intervene in this matter as the determination of this action affects their legally enforceable equitable interest whether or not Florey may be bound by a judgment in this action. See Pa.R.C.P. 2327(4); *Larock v. Sugarloaf Township Zoning Hearing Board,* 740 A.2d 308 (Pa. Commw. 1999).

Therefore, we will grant Florey Lumber Company Inc.'s petition to intervene.

An appropriate order consistent with this memorandum follows.

## ORDER

And now to wit, March 1, 2007, upon due consideration of the issues of intervention and jurisdiction, learned counsels' written and verbal arguments, and in accordance with the foregoing memorandum, it is hereby ordered and decreed that:

(1) The petition to intervene of Florey Lumber Company Inc. is granted.

(2) The land use appeal of the collective appellant-plaintiffs is quashed and dismissed for lack of jurisdiction.