# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Johnny Baker, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Board of | : | |
| Probation and Parole, | : | No. 766 C.D. 2018 |
| Respondent | : | Submitted: November 21, 2018 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                         FILED: March 18, 2019

Johnny Baker (Baker) petitions for review of the Pennsylvania Board of Probation and Parole's (Board) March 15, 2018 order denying his request for administrative relief from the Board's September 9, 2016 decision that recommitted him to a state correctional institution (SCI) to serve 18 months of backtime. The sole issue before this Court is whether Baker's Petition for Review (Review Petition) was timely filed.[1]

On February 29, 2008, Baker was sentenced to 5 to 10 years of incarceration for drug and weapons offenses (Original Sentence). *See* Certified Record (C.R.) at 5. At that time, his maximum sentence release date was February 27, 2018. *See* C.R. at 6. On June 18, 2015, Baker was released on parole. On August 14, 2015, Baker was arrested and charged with new criminal offenses. That same day, the Board issued a Warrant to Commit and Detain Baker (Warrant).[2]

---

[1] In his brief, Baker addresses only the question of the timeliness of his appeal from the Board's decisions. Baker does not raise in his Statement of the Question Involved, nor does he include any legal argument that the Board erred when it revoked his parole and recalculated his maximum parole date.

[2] The Warrant was recorded on September 28, 2015.

Baker pled guilty to the new criminal charges on April 21, 2016. On June 30, 2016, Baker was sentenced to 4 years of SCI imprisonment. On July 28, 2016, Baker signed a Waiver of Revocation Hearing and Counsel/Admission Form in which he waived his right to counsel and a hearing, and admitted to the new convictions. By decision mailed on September 9, 2016 (September 9, 2016 Decision), the Board recommitted Baker as a convicted parole violator to serve 18 months of backtime. By September 9, 2016 Decision, the Board recalculated Baker's maximum sentence release date to April 28, 2019. On September 21, 2016 the Board received Baker's pro se administrative relief request challenging the September 9, 2016 Decision. By March 15, 2018 decision, the Board affirmed its September 9, 2016 Decision.

On April 13, 2018, the Board received a document from Baker titled, "Administrative Remedies Appeal [(Appeal).]" C.R. at 81. In the Appeal, Baker declared that "I'm appealing the [Board] decision not to credit my time spent at liberty out on parole . . . ." *Id*. Baker described his reasons therefor, and stated that he had "[m]ailed [a copy] to Common Pleas Court of Appeals A[.]K[.]A[.] – Petition for Review [Board] Decision . . . . Mailed: April 6, 2018[.]" C.R. at 86. The Board treated the Appeal as a reconsideration request and, by June 13, 2018 letter, dismissed it as unauthorized. Thereafter, this Court received a copy of the Appeal.

There is no record evidence when Baker mailed the Appeal to this Court, and Baker acknowledges in his brief that the record does not contain a mailing slip. *See* Baker Br. at 17-18. However, the Court's docket reflects that Baker's Appeal was received on May 8, 2018 and the Court's copy was time-stamped May 11, 2018. By May 14, 2018 letter, this Court directed Baker to file a petition for review form with the Court to perfect his appeal, but preserved May 8, 2018 as his filing date. The Court expressly noted: "**If this date is more than 30 days from the mailing date of the decision that you are appealing, your appeal may be dismissed**

2

**because it is untimely.**" *Id.* (emphasis in original). Baker filed the Review Petition, which this Court docketed on June 8, 2018.[3]

By June 19, 2018 Order, docketed on June 20, 2018, this Court appointed a Huntingdon County Public Defender to represent Baker in the matter. The June 19, 2018 Order also directed the parties to "address the timeliness of [Baker's Review Petition] in their briefs." June 19, 2018 Order at 2. In response to this Court's directive, Baker asserts that he mailed the Appeal on April 6, 2018 to both the Board and this Court. According to Baker, because he attempted to file a pro se appeal from the Board's denial, and the Appeal's last page reflects that a copy was sent to the "Common Pleas Court of Appeals[,]" his Appeal was timely based on the prisoner mailbox rule, despite that this Court did not receive it until May 8, 2018. C.R. at 86.

> Under the prisoner mailbox rule, a legal document is deemed 'filed' on the date it is delivered to the proper prison authority or deposited in the prison mailbox. *Com[monwealth] v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. 2001) ('filing' focuses 'upon the act of the litigant in placing the document in the hands of the appropriate' office or officer rather than actual receipt of the document). **A cash slip constitutes sufficient evidence to show compliance with the prisoner mailbox rule. An affidavit as to the date of mailing may also be considered. In order to benefit from the rule, [a prisoner] bears the burden of proving that he timely deposited his . . . appeal in the prison mailbox.**

*Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014) (emphasis added; citations omitted).

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Anderson v. Talaber*, 171 A.3d 355, 358 n.4 (Pa. Cmwlth. 2017).

3

Baker was required to petition this Court for review of the Board's March 15, 2018 order denying his administrative relief request within 30 days. *See* Pa.R.A.P. 1512(a)(1); *see also Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699 (Pa. Cmwlth. 1996). Thus, he was required to deliver the Appeal "to the proper prison authority or [deposit it] in the prison mailbox" no later than April 14, 2018. *Kittrell*, 88 A.3d at 1097. Where an appeal is untimely, this Court has no jurisdiction to consider the matter. *See St. Clair v. Pa. Bd. of Prob. & Parole*, 493 A.2d 146 (Pa. Cmwlth. 1985). "Jurisdictional time limitations are not subject to equitable exceptions and a court has no authority to extend them except as the statute permits." *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Here, there is no record evidence, such as a cash slip or affidavit, demonstrating when Baker mailed the Appeal to this Court. Accepting Baker's contention that he mailed the Appeal on April 6, 2018 based simply on the date on the Appeal sent to the Board would require the Court to speculate, without proof, that Baker sent both at the same time. Such speculation would ignore *Kittrell*, wherein this Court ruled that it is a prisoner's burden to prove timely mailing.[4] Given that there is no offer of proof or evidence

---

[4] Baker relies on *Smith v. Pennsylvania Board of Probation & Parole*, 683 A.2d 278, 282 (Pa. 1996), in support of his argument that his Appeal was timely filed. In *Smith*, a prisoner filed a review petition with this Court by allegedly placing it in the prison mailbox, and obtaining a cash slip indicating that the Department of Corrections charged him postage for mail sent to Philadelphia County Common Pleas Court (Philadelphia Court) Prothonotary on April 14, 1994. Six days later, the Philadelphia Court Clerk time-stamped the review petition as having been received and forwarded it to the Superior Court which transferred it to this Court. In the process, the envelope containing the review petition was discarded along with the postmark. This Court dismissed the review petition as untimely. On appeal, the Pennsylvania Supreme Court reversed and remanded the matter, explaining:

> As the record before us does not contain the Cash Slip, the envelope which contained Appellant's petition for review, and which would presumably have a postmark, was destroyed, and evidently there was no opportunity to offer evidence regarding the timeliness of Appellant's appeal, we believe that the most appropriate course of action is a remand to the Commonwealth Court. There, an opportunity should be afforded Appellant to meet his burden of proof

4

revealing when Baker mailed the Appeal to this Court, and this Court did not receive the Appeal until May 8, 2018, Baker has not met his burden. Thus, his Appeal cannot be deemed timely filed.

To the extent Baker argues that he timely expressed his intent to appeal when he mailed his appeal to the Board and, therefore, his appeal to the Board should have been transferred to this Court, his argument fails. Pennsylvania Rule of Appellate Procedure (Rule) 751(a) provides, in relevant part:

> If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.

Pa.R.A.P. 751(a). Because Rule 751(a) applies only to a court or magisterial district, an appeal filed with the Board cannot be transferred to this Court pursuant thereto. *See, e.g., Twp. of Reserve v. Zoning Hearing Bd. of Reserve Twp.*, 468 A.2d 872, 875 (Pa. Cmwlth. 1983) (holding that "[z]oning hearing boards, not being courts or magisterial districts, are clearly not encompassed within [Rule 751(a)]"). Accordingly, this argument is without merit.

---

and come forward with evidence, such as the Cash Slip, and/or an affidavit, as to the date that he deposited his notice of appeal with the prison authorities. Although the burden is clearly on Appellant, if the Board so chooses, it may provide evidence that Appellant did not deposit, or could not have deposited, the notice of appeal in the prison mailbox within the thirty day time period for filing.

*Smith*, 683 A.2d at 282 .

Here, unlike in *Smith*, Baker does not allege that he has a cash slip or any other documentary evidence that could be offered at a hearing to establish the purported mailing date. Further, unlike in *Smith*, where the period between the prisoner's alleged review petition mailing and its receipt by the court was only 6 days, Baker alleges his review petition was mailed on April 6, 2018, but was not received until May 8, 2018 – 32 days later.

For all of the above reasons, the Review Petition is dismissed as untimely.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Johnny Baker, :
               Petitioner :
                     :
             v. :
                     :
Pennsylvania Board of :
Probation and Parole, : No. 766 C.D. 2018
           Respondent :

PER CURIAM

## O R D E R

AND NOW, this 18th day of March, 2019, Johnny Baker's petition for review of the Pennsylvania Board of Probation and Parole's March 15, 2018 order is dismissed as untimely.